**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BROWN WASHINGTON TRUST et al., | |
| Plaintiffs, | Case No. 24-cv-13132 |
| v. | Judge Jorge L. Alonso |
| SCOTT GARTNER et al., | Magistrate Judge Daniel P. McLaughlin |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP, and MERIT LAW GROUP ("Defendants"), by and through their undersigned attorneys, move to dismiss Plaintiffs' second amended complaint. In support of their motion, Defendants state as follows:[1]

**Table of Contents**

INTRODUCTION ........................................................................................................... 5

FACTUAL BACKGROUND ........................................................................................... 6

LEGAL STANDARD ...................................................................................................... 8

ARGUMENT ................................................................................................................... 9

    I.    Plaintiffs' RICO Claim (Count 21) Is a Transparent Attempt to Move Their State Law Claims to Federal Court, and It Should Be Dismissed for Failure to State a Claim ........................................................................................9

    II.    The "Merit Contracts" Claims (Counts 13–20) Are Barred by the Statute of Limitations ........................................................................................................13

        A.    The limitation period for Plaintiffs' claims has expired ...................... 14

---

[1] Defendants moved for leave of court to file this motion in excess of the fifteen-page limit. (Mot, ECF No. 57.) In the event the Court denies the motion, Defendants respectfully request leave of court to submit an abbreviated version.

1

B. The Illinois savings statute does not save Plaintiffs' claims ................................. 15

C. The discovery rule does not save Plaintiffs' claims ............................................. 17

III. Plaintiffs Fail to State a Claim for Breach of Contract (Count 13) Because the Claim Is Based on the Same Set of Facts as the Legal Malpractice Claim .......................................................................................................................... 19

IV. Plaintiffs Fail to State a Claim for Tortious Interference (Count 15) ............................ 20

V. Plaintiffs' Claims Based on Fraudulent Misrepresentations (Counts 16– 18) Must Be Dismissed Because Plaintiffs Fail to Meet Rule 9(b)'s Pleading Requirements ................................................................................................ 21

VI. Plaintiffs' Standalone Claims Based on Criminal Statutes (Counts 19–20) Must Be Dismissed Because They Are Not Civil Causes of Action ............................... 23

VII. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress (Count 22) ............................................................................................................ 23

VIII. Plaintiffs' Vicarious Liability Claim (Count 23) Must Be Dismissed .......................... 24

CONCLUSION ....................................................................................................................... 25

## Table of Cases

U.S. Supreme Court

*Artis v. District of Columbia*, 583 U.S. 71 (2018) ......................................................... 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 8


Seventh Circuit

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) ........................................... 8

*Bell v. City of Chicago*, 835 F.3d 736 (7th Cir. 2016) ..................................................... 9

*Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) ............................................................. 20–21

*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014) ........................... 22

*City Nat'l Bank v. Checkers, Simon & Rosner*, 32 F.3d 277 (7th Cir. 1994) ................... 17

*Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376 (7th Cir. 2003) ................. 20

*DeGuelle v. Camilli*, 664 F.3d 192 (7th Cir. 2011) .................................................... 10, 12

*Domanus v. Locke Lord LLP*, 847 F.3d 469 (7th Cir. 2017) ........................................... 12

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007) ....................... 9

*Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000) ...................................................................16

*Engel v. Buchan*, 710 F.3d 698 (7th Cir. 2013).............................................................................9

*Epstein v. Epstein*, 843 F.3d 1147 (7th Cir. 2016).......................................................................17

*Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392 (7th Cir. 2011)...........................................21

*Hollander v. Brown*, 457 F.3d 688 (7th Cir. 2006).....................................................................19

*Jennings v. Auto Meter Prods.*, 495 F.3d 466 (7th Cir. 2007)................................................10–12

*Logan v. Wilkins*, 644 F.3d 577 (7th Cir. 2011)......................................................................17–18

*Menzies v. Seyfarth Shaw Ltd. Liab. P'ship*, 943 F.3d 328 (7th Cir. 2019)........................10–12, 14

*Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016 (7th Cir. 1992)......................................10–11

*Muskegan Hotels, LLC v. Patel*, 986 F.3d 692 (7th Cir. 2021)..............................................9, 14, 17

*Newell v. Hanks*, 283 F.3d 827 (7th Cir. 2002) ...........................................................................16

*Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039 (7th Cir. 2019) ...................................13, 15

*Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746 (7th Cir. 2021).......................................16

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,

    631 F.3d 436 (7th Cir. 2011) .............................................................................................21–22

*Sabo v. Erickson*, 128 F.4th 836 (7th Cir. 2025) ........................................................................24

*Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922 (7th Cir. 2015) ...........................13

*Stark v. Johnson & Johnson*, 10 F.4th 823 (7th Cir. 2021) ..........................................................18

*Sun v. Xu*, 99 F.4th 1007 (7th Cir. 2024).....................................................................................24

*Trahanas v. Nw. Univ.*, 64 F.4th 842 (7th Cir. 2023)....................................................................24

*United States v. Muskovsky*, 863 F.2d 1319 (7th Cir. 1988) .........................................................12

*W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670 (7th Cir. 2016) .............................................9

*Wertymer v. Walmart, Inc.*, 142 F.4th 491 (7th Cir. 2025) ............................................................9

*Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294 (7th Cir. 2003) ......................................10, 13


District Court

*Ericson v. Conagra Foods, Inc.*, 559 F. Supp. 3d 705 N.D. Ill. 2021) ..........................................19

*Force Partners, LLC v. KSA Lighting & Controls, Inc.*, No. 19-cv-07776,

    2022 WL 580808, 2022 U.S. Dist. LEXIS 33645 (N.D. Ill. Feb. 25, 2022) ....................22

*Frain Grp., Inc. v. Steve's Frozen Chillers*, No. 14 C 7097, 2015 WL 1186131,

    2015 U.S. Dist. LEXIS 29435 (N.D. Ill. Mar. 10, 2015)....................................................21

*Greer v. Bank One*, Case No. 1 C 7352, 2002 WL 1732366,

2002 U.S. Dist. LEXIS 13715 (N.D. Ill. July 23, 2002) .....................................................18

*Holy Spirit Ass'n for the Unification of World Christianity v. Sentinel Ins. Co.*,

No. 15 C 3423, 2016 WL 302164, 2016 U.S. Dist. LEXIS 8343

(N.D. Ill. Jan. 25, 2016) ................................................................................................17

*Lawrence v. Trax Recs., Inc.*, No. 22 C 5660, 2025 WL 919616,

2025 U.S. Dist. LEXIS 56196 (N.D. Ill. Mar. 26, 2025) ...................................................22

*Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002,

2014 U.S. Dist. LEXIS 105086 (N.D. Ill. Aug. 1, 2014)....................................................23

*Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691 (N.D. Ill. 2017) ...............22

*Penn Mut. Life Ins. v. Rotter*, No. 17 C 3562, 2018 WL 1453554,

2018 U.S. Dist. LEXIS 48070 (N.D. Ill. Mar. 23, 2018) ...................................................21

*Ruff v. Han*, No. 19-cv-05371, 2022 WL 767219,

2022 U.S. Dist. LEXIS 44031 (N.D. Ill. Mar. 14, 2022) ...................................................24

*Sgariglia v. Am. Int'l Relocation Servs., LLC*, No. 19-cv-5684, 2021 WL 4206788,

2021 U.S. Dist. LEXIS 176349 (N.D. Ill. Sep. 16, 2021) ..................................................22

*Smith-Brown v. Ulta Beauty, Inc.*, No. 18 C 610, 2019 WL 932022,

2019 U.S. Dist. LEXIS 30460 (N.D. Ill. Feb. 26, 2019) ...................................................22

*Stoller v. Fumo*, No. 19 C 02546, 2020 WL 2404879, 2020 U.S. Dist. LEXIS 84344

(N.D. Ill. May 12, 2020) ...............................................................................................23

*Turner v. M.B. Fin. Bank*, No. 14-cv-9880, 2017 WL 4390367,

2017 U.S. Dist. LEXIS 163352 (N.D. Ill. Oct. 3, 2017)....................................................24

*Webb v. Fillipitch*, No. 20 C 5828, 2022 LX 99408 (N.D. Ill. Jan. 28, 2022) ..............................13

*Wexler v. Chubb Nat'l Ins. Co.*, No. 21-cv-2543, 2025 WL 71827,

2025 U.S. Dist. LEXIS 5150 (N.D. Ill. Jan. 10, 2025) ......................................................21

*Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885

(N.D. Ill. 2009)....................................................................................................18, 23

*Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*,

536 F.3d 663 (7th Cir. 2008) .........................................................................................23

State Court

*Hi-Tek Consulting Services, Inc. v. Bar-Nahum*, 578 N.E.2d 993
    (Ill. App. Ct. 1991).............................................................................................................20
*Katz v. Hartz*, 195 N.E.3d 730 (Ill. App. Ct. 2021)...............................................................14–15
*Land v. Greenwood*, 478 N.E.2d 1203 (Ill. App. Ct. 1985) ...................................................19–20
*Majumdar v. Lurie*, 653 N.E.2d 915 (Ill. App. Ct. 1995) ..........................................................19
*McGrath v. Fahey*, 533 N.E.2d 806 (Ill. 1988)...........................................................................24
*Suslick v. Rothschild Sec. Corp.*, 538 N.E.2d 553 (Ill. 1989) ....................................................17
*Wade v. Byles*, 761, 692 N.E.2d 750 (Ill. App. Ct. 1998)............................................................17

**INTRODUCTION**

Plaintiffs bring eight *state law claims* against Defendants. In a transparent attempt to get these state law claims into federal court, Plaintiffs concoct a baseless claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiffs, however, fail to allege sufficient facts to state a RICO claim. Based on the sparse facts that *are* alleged, such a claim is simply not plausible. Even a generous reading of Plaintiffs' second amended complaint does not come close to "present[ing] a story that holds together"[2] that Defendants engaged in racketeering activity. And that's the standard under Rule 8. Because Plaintiffs base their RICO claim on allegations of fraud, they must meet Rule 9's heightened pleading standard. They have fallen far short of this standard. Without a RICO claim that allows this Court to exercise supplemental jurisdiction over the eight state law claims brought against Defendants, these claims are not appropriately brought in federal court, and Defendants must be dismissed from the case.

Moreover, Plaintiffs bring claims against Defendants for events occurring over *five years ago*, in 2018 and 2019. The allegations in Plaintiffs' second amended complaint conclusively

---

[2] *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019).

establish that their claims are barred by the statute of limitations. Therefore, Defendants must be dismissed for this reason, too.

As explained in the factual background section, this case is an attempt to revive a prior case brought against Defendants that was dismissed for lack of diversity jurisdiction. *See Brown v. Gartner et al.*, 20-cv-5195 (N.D. Ill.). Plaintiffs had one year to refile the case after it was dismissed, but they waited too long. For these, and additional reasons set forth below, Defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND

On September 2, 2020, Plaintiff Kimberly Jean Brown ("Plaintiff") filed a pro se complaint in the Northern District of Illinois, *Brown v. Gartner et al.*, 20-cv-5195 (N.D. Ill.) ("*Brown I*"). After the district court recruited pro bono counsel, Plaintiff filed an amended complaint on February 17, 2022. (*Brown I*, Am. Compl., ECF No. 49.) Plaintiff alleged that she sued her home contractor because it failed to complete repairs in her home ("Contractor Case"). (*Id.* ¶¶ 15–26.) Plaintiff alleged that she retained Defendants to represent her in the Contractor Case and that Defendants entered their appearances in that case on May 8, 2018. (*Id.* ¶¶ 27–34.) Plaintiff alleged that she retained Defendant Kingsley to argue summary judgment in the Contractor Case and to continue to represent her in the prove-up hearing, and alleged that she retained Defendant Gartner to negotiate a settlement agreement. (*Id.* ¶¶ 37–42, 57–58.) Plaintiff alleged that on June 25, 2019, the state court in the Contractor Case entered an agreed order dismissing the case because the parties had entered into a settlement agreement. (*Id.* ¶¶ 66–68.)

In *Brown I*, Plaintiff brought three claims against Defendants: (1) legal malpractice; (2) breach of contract; and (3) negligent infliction of emotional distress. (*Id.* ¶¶ 93–115.) In the present case, *Brown v. Gartner et al.*, 24-cv-13132 (N.D. Ill.) ("*Brown II*"), Plaintiff states that she

"reasserts her claims [in *Brown I*] in this suit [*Brown II*]." (*Brown II*, 2d Am. Compl. ¶ 74, ECF No. 21.)

On March 24, 2020, Defendants moved to dismiss Plaintiff's amended complaint in *Brown I* because the district court lacked subject matter jurisdiction. (*Brown I*, Mot. to Dismiss, ECF No. 51.) In response to Defendants' motion, Plaintiff voluntarily dismissed her claims for breach of contract and negligent infliction of emotional distress. (*Brown I*, Resp., ECF No. 59.)

On March 31, 2023, the district court found that "[Plaintiff] and Defendants are all Illinois citizens and diversity of citizenship is lacking," and therefore, it granted Defendants' motion to dismiss for lack of subject matter jurisdiction. (*Brown I*, Order at 5, ECF No. 75.) The district court stated, "[Plaintiff] may refile her claim in Illinois state court without it being time barred. Under Illinois law, a plaintiff may refile a cause of action within one year of a federal court dismissing the case for lack of subject-matter jurisdiction or within the remaining period of the statute of limitations, whichever is greater." (*Id.*) In the present case, Plaintiff misconstrues the district court's order and incorrectly states that the district court directed her "to refile the complaint before December 21, 2024 in the proper venue." (*Brown II*, 2d Am. Compl. ¶ 74.)

On April 24, 2023, Plaintiff filed a notice of appeal. (*Brown I*, Notice of Appeal, ECF No. 77.) On December 21, 2023, the Seventh Circuit affirmed the district court's decision to dismiss the case for lack of jurisdiction. *Brown v. Gartner*, No. 23-1780, 2023 WL 8827633, 2023 U.S. App. LEXIS 33930 (7th Cir. Dec. 21, 2023). The Seventh Circuit found that the district court appropriately exercised its discretion when it "found that diversity of citizenship was lacking because Brown, like the defendants, is an Illinois citizen." *Id.* at *1.

On December 20, 2024, Plaintiff and Brown-Washington Trust (together, "Plaintiffs") filed a complaint in *Brown II*, alleging claims against Defendants and others. (*Brown II*, Compl., ECF

7

No. 1.) On May 21, 2025, Plaintiffs asked the Court to remove everyone from the case *except* Defendants. (*Brown II*, Mot. to Remove Parties, ECF No. 18.) On May 23, 2025, the Court granted Plaintiffs leave to file a second amended complaint. (*Brown II*, Minute Entry, ECF No. 20.)

On June 20, 2025, Plaintiffs filed a second amended complaint. (*Brown II*, 2d Am. Compl., ECF No. 21.) Instead of filing a complaint that dismissed everyone "except" Defendants, Plaintiffs filed a complaint with twenty-four claims brought against seventeen individuals and entities. (*Id.*) Based on Plaintiffs' request, the Court dismissed eight of those individuals and entities without prejudice. (*Brown II*, Pl.'s Mot., ECF No. 48; *Brown II*, Minute Entry, ECF No. 53.)

Defendants are named in only eleven of the twenty-four claims (Counts 13–23). (*Brown II*, 2d Am. Compl. ¶¶ 97–138.) Plaintiffs allege that Defendants are liable for certain acts and omissions in the performance of professional services. (*Id.*) Plaintiffs allege that Counts 13–20 "are based on facts and claims asserted in Brown v. Gartner, Northern District of Illinois, 1:20-cv-05195 and the claims relate back to the filing date of that complaint, September 2, 2020." (*Id.* ¶ 97.) Count 21 is brought under RICO. (*Id.* ¶¶ 123–31.) In Count 22, Plaintiffs allege a state law claim for intentional infliction of emotional distress. (*Id.* ¶¶ 132–36.) Count 23 is a claim based on alleged vicarious liability. (*Id.* ¶¶ 137–38.)

## LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The factual allegations must be sufficient to raise the possibility of relief above a "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A plaintiff's complaint must contain more than "highly generalized factual allegations"; it must contain "enough specific factual allegations to state a plausible claim." *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013).

A plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted)).

## ARGUMENT

### I. Plaintiffs' RICO Claim (Count 21) Is a Transparent Attempt to Move Their State Law Claims to Federal Court, and It Should Be Dismissed for Failure to State a Claim.

The sole basis invoked by Plaintiffs for this Court's jurisdiction is federal question jurisdiction under RICO, 18 U.S.C. § 1964. (*Brown II*, 2d Am. Compl. ¶ 1.) However, Plaintiffs' RICO claim is based on conclusory allegations that are severely deficient, even under Rule 8's pleading standards. Yet, Plaintiffs are required to meet Rule 9(b)'s *heightened* pleading standards. "[W]hen the pattern of racketeering activity element is supported by allegations of fraud," as in this case, "those facts must be pleaded with the particularity required by Rule 9(b)." *Muskegan Hotels, LLC v. Patel*, 986 F.3d 692, 699 (7th Cir. 2021).

"Heightened pleading requirements apply to complaints alleging fraud 'to discourage a "sue first, ask questions later" philosophy.'" *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 495 (7th Cir. 2025) (citation omitted). "Such a philosophy 'can do great harm to the reputation of a business,' even if the defendant is later exonerated." *Id.* at 495–96 (citation omitted).

9

Plaintiffs' RICO claim is so "feeble" that it must be seen for what it is: a transparent attempt to move state law claims to federal court. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 299 (7th Cir. 2003). If a plaintiff's RICO theory "is *so* feeble, so transparent an attempt to move a state-law dispute to federal court," then "it does not arise under federal law at all." *Id.* (emphasis in original) (citation omitted). Courts "are not permitted to . . . allow a plaintiff to shoehorn a state-law fraud claim into a civil RICO claim." *Menzies v. Seyfarth Shaw Ltd. Liab. P'ship*, 943 F.3d 328, 342 (7th Cir. 2019).

"Congress passed RICO in an effort to combat organized, long-term criminal activity." *Jennings v. Auto Meter Prods.*, 495 F.3d 466, 472 (7th Cir. 2007). The statute "was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." *Id.* (internal citations omitted). RICO claims have demanding pleading requirements "designed 'to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law.'" *Menzies*, 943 F.3d at 337 (quoting *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992)).

Plaintiffs' RICO claim is based on alleged violations of 18 U.S.C. § 1962(c), (d). (*Brown II*, 2d Am. Compl. ¶¶ 123–31.) To state a claim under Section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern of racketeering activity." *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011) (citation omitted). To state a claim under Section 1962(d) for conspiracy, a plaintiff must allege "(1) the defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity, and (2) the defendant further agreed that someone would commit at least two predicate acts to accomplish those goals.'" *Id.* at 204.

Here, Plaintiffs seek to plead RICO's pattern element through predicate acts of mail and wire fraud (*Brown II*, 2d Am. Compl. ¶ 128), and therefore, "the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply." *Menzies*, 943 F.3d at 338. Under Rule 9(b), Plaintiffs must "provide 'precision and some measure of substantiation' to each fraud allegation." *Id.* (citation omitted). Plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. *Id.*

"Given these heightened pleading standards and Congress's insistence that a RICO claim entail a clear pattern of racketeering activity, [the Seventh Circuit has] cautioned that '[it] do[es] not look favorably on many instances of mail and wire fraud to form a pattern.'" *Id.* (quoting *Midwest Grinding*, 976 F.2d at 1024–25).

In addition to pleading predicate acts of fraud, Plaintiffs must also plead a pattern of racketeering activity, which "is no easy feat." *Id.* at 336. "To fulfill the pattern requirement, plaintiffs must satisfy 'the so-called "continuity plus relationship" test: the predicate acts must be related to one another (the relationship prong) and pose a threat of continued criminal activity (the continuity prong).'" *Jennings*, 495 F.3d at 473 (citation omitted).

"[A] threat of continuity cannot be found from bald assertions." *Menzies*, 943 F.3d at 343 (citation omitted). The law requires courts "to examine [a plaintiff's] complaint for allegations of predicate acts, [which] by their very nature, pose a threat of repetition extending indefinitely into the future, or are part of an ongoing entity's regular way of doing business." *Id.* (citation and internal quotation marks omitted). "[T]he continuity requirement exists to give effect to Congress's clear intention that RICO target *long-term criminal behavior*, as opposed to more discrete acts of fraud." *Jennings*, 495 F.3d at 473 (emphasis added) (internal citation omitted).

Here, Plaintiffs allegations are general and lack the specificity required to plead a RICO claim under Rule 9(b). For instance, Plaintiffs allege that "Enterprise-0" continues "to exert

11

ownership over the stolen App and trade secrets," continues "to cause financial hardship for Ms. Brown," causes "Ms. Brown's US mail and package deliveries to be intercepted," and causes "Ms. Brown's devices to be targeted and breached." (*Brown II*, 2d Am. Compl. ¶ 130.) These general allegations are nowhere close to meeting the "continuity plus relationship" test required to allege the pattern element of a RICO claim. *See Jennings*, 495 F.3d at 473 (citation omitted).

Moreover, as it relates specifically to Defendants, Plaintiffs allege that "Enterprise-0 conspired with Defendants Gartner, Kingsley, Kingsley Law, Merit Law as set forth in Counts 19, 20." (*Brown II*, 2d Am. Compl. ¶ 125.) This single allegation does not plausibly show that Defendants "agreed to maintain an interest in or control of [Enterprise-0] or to participate in the affairs of [Enterprise-0] through a pattern of racketeering activity" and that Defendants "further agreed that someone would commit at least two predicate acts to accomplish those goals." *DeGuelle*, 664 F.3d at 204. The referenced Counts 19 and 20 also do not plausibly allege a conspiracy. Moreover, those two counts fail to meet Rule 9(b)'s heightened pleading requirements for the predicate acts of fraud. They do not show "who, what, when, where, and how" the alleged fraud occurred. *Menzies*, 943 F.3d at 338. Rather, they allege only that "the named Defendants"[3] made general misrepresentations at some unidentified points in time. (*Brown II*, 2d Am. Comp. ¶ 119.)

Also, Plaintiffs were required to "allege that each defendant—that is, the individual lawyers and the two firms—*knew* about this conspiracy." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 479 (7th Cir. 2017) (emphasis in original) (citing *United States v. Muskovsky*, 863 F.2d 1319, 1324 (7th Cir. 1988) (plaintiff must show that a defendant in a RICO conspiracy action "was aware

---

[3] The reference to "the named Defendants" in Plaintiffs' second amended complaint and in this motion should not be confused with the four "Defendants" who are bringing this motion. Plaintiffs' reference to "the named Defendants" in the second amended complaint include other defendants, but it is ambiguous which defendants "the named Defendants" refer to.

of the essential nature and scope of the enterprise and intended to participate in it." (internal citation omitted))). Plaintiffs do not allege any facts plausibly showing that Defendants knew about Enterprise-0 and intended to participate in it.

In short, Plaintiffs fail to state a RICO claim as to *any defendant* and even more so fail to state a claim against Defendants.

In addition, Plaintiffs' RICO claim is barred by the statute of limitations, which has a four-year limitation period. *See Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922, 926 (7th Cir. 2015). Plaintiffs filed this case on December 20, 2024, which makes December 20, 2020, the cutoff date for Plaintiffs' RICO claim. *See id.* However, the events in Plaintiffs' second amended complaint occurred between 2017 and 2019. (*Id.* ¶¶ 51–53, 70–71, 76.) Thus, Plaintiffs' RICO claim is outside the limitations period.

In sum, Plaintiffs are attempting to shoehorn their state law claims into federal court through a manufactured and baseless RICO claim. Plaintiffs' RICO claim is so "feeble" that it fails to invoke this Court's jurisdiction. *See Williams*, 351 F.3d at 299. For these reasons, this Court should dismiss Plaintiffs' RICO claim in full. Without a basis for federal jurisdiction, Plaintiffs' remaining state law claims should also be dismissed. *See Artis v. District of Columbia*, 583 U.S. 71, 74 (2018).

## II. The "Merit Contracts" Claims (Counts 13–20) Are Barred by the Statute of Limitations.

The allegations in Plaintiffs' second amended complaint show that the claims against Defendants are untimely. A district court may dismiss a complaint when "a plaintiff alleges facts sufficient to establish a statute of limitations defense." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019). A plaintiff's "complaint can defeat itself." *Webb v. Fillipitch*, No. 20 C 5828, 2022 LX 99408, at *12 (N.D. Ill. Jan. 28, 2022). "A plaintiff can plead himself out

13

of court on statute of limitations grounds if the face of the complaint shows that the claim is time-barred." *Id.*

## A. The limitation period for Plaintiffs' claims has expired.

Plaintiffs allege that Defendants are liable for conduct occurring in 2018 and 2019.[4] (*Brown II*, 2d Am. Compl. ¶¶ 52–53, 70–71; *see also Brown I*, Am. Compl. ¶ 68.) Plaintiffs allege that the claims in the "Merit Contracts" section of the second amended complaint (Counts 13–20) "are based on facts and claims asserted in Brown v. Gartner, Northern District of Illinois, 1:20-cv-05195." (*Brown II*, 2d Am. Compl. ¶ 97.) Plaintiffs allege that "Ms. Brown notified Defendants Gartner and Merit Law that they were in default of the Merit Contracts in or about October 2019." (*Id.* ¶ 103.)

Plaintiffs filed this case on December 20, 2024. (*Brown II*, Compl., ECF No. 1.) Thus, even if the Court uses the October 2019 date alleged by Plaintiffs, this case was filed after the statute of limitations expired for every claim alleged in Counts 13–20, including all state and federal claims.

The statute of limitations for Plaintiffs' state law claims against Defendants (Counts 13–18) is two years because they are based on alleged acts and omissions of Defendants (who are attorneys and law firms) in the performance of professional services. *See* 735 ILCS 5/13-214.3(b). "An action for damages based on tort, contract, or otherwise against an attorney arising out of an act or omission in the performance of professional services . . . must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." *Menzies*, 943 F.3d at 346 (quoting 735 ILCS 5/13-214.3(b)); *see also Muskegan*, 986 F.3d at 697 (applying statute to a law firm and affirming district court's conclusion that state law claims were untimely on a motion to dismiss). "[T]his limitations period

---

[4] The claims brought against the other defendants are based on events occurring even earlier, in 2017. (*Brown II*, 2d Am. Compl. ¶¶ 51, 76.)

14

applies to all claims arising from a lawyer's provision of professional services—not just legal malpractice claims and not just those claims brought against a lawyer by the lawyer's client." *Katz v. Hartz*, 195 N.E.3d 730, 735 (Ill. App. Ct. 2021).

As discussed in Section VI below, Plaintiffs' federal claims, based on *criminal* statutes for mail fraud, 18 U.S.C. §1341 (Count 19), and wire fraud, 18 U.S.C. § 1343 (Count 20), must be dismissed because they are not civil causes of action. However, even these claims would be barred by the five-year statute of limitations, *see* 18 U.S.C. § 3282, because they are alleged to have occurred in 2018 and 2019 (October 2019 at the latest), and Plaintiffs filed their complaint more than five years later, on December 20, 2024. (*Brown II*, Compl., ECF No. 1.)

The result would also be the same for any of Plaintiffs' claims to the extent they are *not* subject to the two-year statute of limitations under 735 ILCS 5/13-214.3(b). Even if the Court applied a four- or five-year statute of limitation to Plaintiffs' claims, those claims would be barred because Plaintiffs filed their complaint more than five years after the alleged acts and omissions occurring in 2018 and 2019 (October 2019 at the latest).

Thus, regardless of how the limitations period is calculated, Plaintiffs have pleaded themselves out of court because Plaintiffs' own allegations establish a statute of limitations defense. *See Orgone*, 912 F.3d at 1043–44.

### B. The Illinois savings statute does not save Plaintiffs' claims.

Recognizing that their claims are beyond the limitations period, Plaintiffs allege that the claims "are based on facts and claims asserted in [*Brown I*] and the claims *relate back* to the filing date of that complaint, September 2, 2020." (*Brown II*, 2d Am. Compl. ¶ 97, emphasis added.) Plaintiffs further allege that the district court in *Brown I* "directed Ms. Brown to refile the complaint before December 21, 2024 in the proper venue." (*Id.* ¶ 74.)

15

First, Plaintiffs are incorrect that the claims relate back to September 2, 2020. The relation back doctrine "only applies to amendments of existing complaints, not new causes of action." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 755 (7th Cir. 2021); *see also Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (stating that if a case was dismissed, "the 'relation back' doctrine simply does not apply"); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (stating that "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed").

Second, the district court did not state that the complaint must be refiled in the proper venue "before December 21, 2024." (*Id.*) Instead, when the district court dismissed *Brown I* on March 31, 2023, it stated:

> [Plaintiff] may refile her claim in Illinois state court without it being time barred. Under Illinois law, a plaintiff may refile a cause of action within one year of a federal court dismissing the case for lack of subject-matter jurisdiction or within the remaining period of the statute of limitations, whichever is greater.

(*Brown I*, Order at 5, ECF No. 75.)

The district court's statement was based on the Illinois savings statute, 735 ILCS 5/13-217. Under that statute, if an "action is dismissed by a United States District Court for lack of jurisdiction" then the plaintiff "may commence a new action *within one year* or within the remaining period of limitation, whichever is greater, *after* . . . the action is *dismissed* by a United States District Court for lack of jurisdiction." 735 ILCS 5/13-217 (emphasis added).

Because the remaining limitation period has expired, *see supra*, Plaintiffs were required to refile their action within *one year* after the action was dismissed. *Brown I* was dismissed on March 31, 2023, so Plaintiffs had until March 31, 2024, to bring their claims. Plaintiffs filed their complaint on December 20, 2024, almost nine months after the limitation period had expired.

Moreover, the notice of appeal filed in *Brown I* did not further toll the statute of limitations: "[F]ollowing a dismissal by a Federal district court for lack of jurisdiction, the one-year period for refiling under [the Illinois savings statute] . . . , *runs from the date of dismissal, not from the date of the affirmance of the dismissal* by the Federal court [on appeal]." *Suslick v. Rothschild Sec. Corp.*, 538 N.E.2d 553, 556 (Ill. 1989) (emphasis added); *see also Wade v. Byles*, 761, 692 N.E.2d 750, 751 (Ill. App. Ct. 1998) (stating that "the language of section 13-217 . . . is clear: there is no tolling while a case dismissed for lack of jurisdiction is on appeal").

## C. The discovery rule does not save Plaintiffs' claims.

Plaintiffs knew of their alleged injuries when *Brown I* was filed, and Counts 13–20 "are based on facts and claims asserted in [*Brown I*]." (*Brown II*, 2d Am. Compl. ¶ 97.) Plaintiffs, however, make the contradictory allegation that they did not discover their injuries until October 2023. (*Id.* ¶¶ 106, 115, 122.) Plaintiffs allege that "the named Defendants" fraudulently concealed "material facts" to prevent Ms. Brown from "becoming aware of her injuries." (*Id.*)

A court is not required to ignore facts in the complaint that undermine the plaintiff's claim, *see City Nat'l Bank v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994), and a plaintiff pleads herself out of court when it would be necessary to contradict the complaint to prevail. *See Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (citation omitted); *see also Holy Spirit Ass'n for the Unification of World Christianity v. Sentinel Ins. Co.*, No. 15 C 3423, 2016 WL 302164, 2016 U.S. Dist. LEXIS 8343, at *8 (N.D. Ill. Jan. 25, 2016) (dismissing claim, in part, where the plaintiff's conclusory allegation was "not supported by any facts lending it plausibility" and was "contradicted by other allegations in the [complaint]").

Moreover, a plaintiff's "bare allegation of fraudulent concealment, without more, will not save the claim." *Muskegan*, 986 F.3d at 697 (quoting *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir.

17

2011) ("[I]f the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without more, will not save the claim.")).

"To plead fraudulent concealment as a basis for equitable tolling, [a plaintiff] must plead: (1) that [the defendant] fraudulently concealed facts that are the basis of [the plaintiff's] claim, and (2) that [the plaintiff] failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Greer v. Bank One*, Case No. 1 C 7352, 2002 WL 1732366, 2002 U.S. Dist. LEXIS 13715, at *7 (N.D. Ill. July 23, 2002) (citation omitted). "A plaintiff must plead with Rule 9(b) particularity the specific conduct of the defendant that entitles the plaintiff to toll the limitations period for fraudulent concealment." *Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 900 (N.D. Ill. 2009). General allegations that reference "Defendants as a single group do not satisfy the particularity required under Rule 9(b)." *Id.*

Here, Plaintiffs have not pleaded fraudulent concealment with Rule 9(b) particularity. (*Brown II*, 2d Am. Compl. ¶¶ 106, 115, 122.) They allege, in a conclusory manner, that "the named Defendants" concealed "material facts." (*Id.*) They do not allege facts showing that they acted with due diligence to discover those facts, nor do they allege *any facts at all* that would even come close to satisfying Rule 9(b)'s pleading requirements. (*Id.*)

Based on Plaintiffs' own allegations, they knew of alleged injuries in 2018 and 2019. (*Brown II*, 2d Am. Compl. ¶¶ 52–53, 70–71; *see also Brown I*, Am. Compl. ¶ 68.) The fact that Plaintiffs allegedly learned of additional information regarding specific defendants or discovered the full extent of their injuries at a later date does not toll the statute of limitations. To start the statute of limitations, a plaintiff does not need "knowledge of a *specific* defendant's negligent conduct or knowledge of the existence of a cause of action." *Stark v. Johnson & Johnson*, 10 F.4th 823, 828–29 (7th Cir. 2021) (emphasis in original) (citation omitted). When a plaintiff learns of an

18

injury, "[t]hat is enough for the law to expect the injured party to investigate a potential cause of action." *Id.* at 829. Thus, a plaintiff who discovers *any* injury cannot benefit from the discovery rule even if the plaintiff "failed to discover the *full extent* of her injuries before the statute of limitations expired." *Hollander v. Brown*, 457 F.3d 688, 693 (7th Cir. 2006) (emphasis added).

At the very latest, Plaintiffs were "placed on notice" in October 2019 that their alleged injury may have been wrongfully caused. *See Ericson v. Conagra Foods, Inc.*, 559 F. Supp. 3d 705, 713 (N.D. Ill. 2021). This is the date when Plaintiffs knew that the Merit Contracts were allegedly "in default." (*Brown II*, 2d Am. Compl. ¶ 103.) Plaintiffs were "duty-bound at that time to make inquiry to determine whether a cause of action existed." *Ericson*, 559 F. Supp. 3d at 713 (citation omitted). Whatever *additional* information Plaintiffs allegedly discovery in October 2023 did not absolve them of their duty to inquire into the existence of other causes of action when they first learned of their alleged injuries in 2018 and 2019. The additional information discovered in October 2023 did not toll or extend the statute of limitations.

For all these reasons, Counts 13–20 are barred by the statute of limitations, and these counts should be dismissed with prejudice.

### III. Plaintiffs Fail to State a Claim for Breach of Contract (Count 13) Because the Claim Is Based on the Same Set of Facts as the Legal Malpractice Claim.

"[A]n action for legal malpractice is one sounding in tort which arises out of a contract, express or implied, for legal services." *Land v. Greenwood*, 478 N.E.2d 1203, 1206 (Ill. App. Ct. 1985). Where there are "no additional allegations, the contract count is simply a restatement of the negligence count" and dismissal is proper on the same grounds as the negligence count. *Id.*; *see also Majumdar v. Lurie*, 653 N.E.2d 915, 921 (Ill. App. Ct. 1995) (stating that where "the same operative facts support actions for legal malpractice and breach of fiduciary resulting in the same injury to the client, the actions are identical and the later should be dismissed as duplicative").

19

In the present case, Plaintiffs improperly assert theories under both legal malpractice and breach of contract. Plaintiffs' breach of contract claim (Count 13) and legal malpractice claim (Count 14) allege that Defendant Merit Law is liable for ceasing collection efforts on the Bellwether Judgment, dismissing the Contractor Case, and withholding documentation. (*Compare* 2d Am. Compl. ¶ 102(B)–(D) *with* ¶ 109(F), (M), (T).)

Plaintiffs do not allege any additional facts to support their breach of contract claim that are not alleged in their legal malpractice claim. The allegations for both counts are based on the same set of operative facts. Plaintiffs' breach of contract claim is thus duplicative of their legal malpractice claim, and the breach of contract claim should be dismissed. *Cf. Land*, 478 N.E.2d at 1206 ("With no additional allegations, the contract count is simply a restatement of the negligence count. The trial court was correct in dismissing count II for the same reasons as count I." (internal citation omitted)).

**IV.    Plaintiffs Fail to State a Claim for Tortious Interference (Count 15).**

"The elements of the tort of intentional interference with contractual relations are: (1) the existence of a valid and enforceable contract; (2) the defendant's awareness of the contractual relation; (3) the defendant's intentional and unjustified inducement of breach of the contract; (4) a subsequent breach by the other contracting party caused by the defendant's wrongful conduct; and (5) damages resulting from the breach." *Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 398 (7th Cir. 2003) (citing *Hi-Tek Consulting Services, Inc. v. Bar-Nahum*, 578 N.E.2d 993, 997 (Ill. App. Ct. 1991)).

Plaintiffs allege that "the named Defendants" interfered to "induce Defendant Merit Law to breach the Merit Contracts" with the goal "to prevent Ms. Brown from recovering damages," which caused Defendant Merit Law to breach the Merit Contracts. (*Brown II*, 2d Am. Compl. ¶ 117.) These conclusory allegations, that simply recite some of the elements of the claim, are

woefully inadequate to state a claim for tortious interference. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (holding that the plaintiff's allegation failed under *Iqbal* because it was "merely a formulaic recitation of the cause of action and nothing more"); *see also Wexler v. Chubb Nat'l Ins. Co.*, No. 21-cv-2543, 2025 WL 71827, 2025 U.S. Dist. LEXIS 5150, at *4 (N.D. Ill. Jan. 10, 2025) (stating that "a tortious interference claim must be dismissed if there are no fact specific allegations that defendant has actual knowledge of the terms of the contract at issue"); *Penn Mut. Life Ins. v. Rotter*, No. 17 C 3562, 2018 WL 1453554, 2018 U.S. Dist. LEXIS 48070, at *28 (N.D. Ill. Mar. 23, 2018) (granting judgment on the pleadings where the plaintiff "presented only conclusory allegations in support of its claim for tortious interference with contract"); *Frain Grp., Inc. v. Steve's Frozen Chillers*, No. 14 C 7097, 2015 WL 1186131, 2015 U.S. Dist. LEXIS 29435, at *12 (N.D. Ill. Mar. 10, 2015) (dismissing tortious interference claim because it "relie[d] solely on threadbare conclusions and [was] unsupported by factual allegations").

**V.     Plaintiffs' Claims Based on Fraudulent Misrepresentations (Counts 16–18) Must Be Dismissed Because Plaintiffs Fail to Meet Rule 9(b)'s Pleading Requirements.**

Plaintiffs bring claims under the Illinois Uniform Deceptive Trade Practices Act (IUDTPA) (Count 16), under the Illinois Consumer Fraud Act (ICFA) (Count 17), and for fraudulent concealment (Count 18), which are all based on alleged misrepresentations. (*Brown II*, 2d Am. Compl. ¶ 118.)

To adequately plead these claims, Plaintiffs must meet Rule 9(b)'s heightened pleading requirements. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (stating that claims under ICFA are "subject to the same heightened pleading standards as other fraud claims" and "must satisfy the particularity requirement of Rule 9(b)"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of

Civil Procedure 9(b) applies."); *Force Partners, LLC v. KSA Lighting & Controls, Inc.*, No. 19-cv-07776, 2022 WL 580808, 2022 U.S. Dist. LEXIS 33645, at \*58 (N.D. Ill. Feb. 25, 2022) (stating that "Rule 9(b) is the proper standard under which to evaluate IUDTPA claims"); *Lawrence v. Trax Recs., Inc.*, No. 22 C 5660, 2025 WL 919616, 2025 U.S. Dist. LEXIS 56196, at \*5 (N.D. Ill. Mar. 26, 2025) ("Courts in this district have long recognized that claims of deceptive trade practices founded on the [Uniform Deceptive Trade Practices Act] must be pleaded with particularity."); *Sgariglia v. Am. Int'l Relocation Servs., LLC*, No. 19-cv-5684, 2021 WL 4206788, 2021 U.S. Dist. LEXIS 176349, at \*12 (N.D. Ill. Sep. 16, 2021) (stating that a "claim for fraudulent concealment is subject to the heightened federal pleading standard of Rule 9(b)").

Rule 9(b)'s "heightened pleading standard applies to all *allegations* of fraud (such as . . . misrepresentations), not merely *claims* labeled fraud." *Smith-Brown v. Ulta Beauty, Inc.*, No. 18 C 610, 2019 WL 932022, 2019 U.S. Dist. LEXIS 30460, at \*8 (N.D. Ill. Feb. 26, 2019) (emphasis in original) (citing *Pirelli*, 631 F.3d at 447).

Under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quoting Fed. R. Civ. P. 9(b)). A plaintiff must describe "the who, what, when, where, and how of the fraud." *Id.* (citation omitted). "Additionally, 'group pleading' does not satisfy Rule 9(b)'s heightened pleading requirement." *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 722 (N.D. Ill. 2017) (citations omitted).

Here, Plaintiffs have not met Rule 9(b)'s heightened pleading requirements. Plaintiffs allege that "the named Defendants" engaged in fraudulent misconduct at some unspecified points in time without identifying the specific content of the misrepresentations or which defendants made those misrepresentations. (*Brown II*, 2d Am. Compl. ¶ 118.) In short, Plaintiffs have not

22

alleged facts regarding the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Whitley*, 607 F. Supp. 2d at 893 (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008)).

For these reasons, Plaintiffs' Counts 16–18, which are all based on allegations of fraudulent misrepresentations, must be dismissed for failure to meet Rule 9(b)'s heightened pleading requirements.

## VI. Plaintiffs' Standalone Claims Based on Criminal Statutes (Counts 19–20) Must Be Dismissed Because They Are Not Civil Causes of Action.

"There is no implied private right of action for a violation of the mail and wire fraud statutes and therefore an independent claim for violations of those statutes is not viable." *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002, 2014 U.S. Dist. LEXIS 105086, at *26 (N.D. Ill. Aug. 1, 2014) (citation omitted) (dismissing wire fraud claim with prejudice because "a private right of action does not flow from a violation of [18 U.S.C. § 1343]"); *see also Stoller v. Fumo*, No. 19 C 02546, 2020 WL 2404879, 2020 U.S. Dist. LEXIS 84344, at *18, 23 (N.D. Ill. May 12, 2020) (dismissing mail fraud claim with prejudice because "there is no civil cause of action under 18 U.S.C. § 1341").

Because there are no civil causes of action for mail fraud, 18 U.S.C. §1341 (Count 19), or wire fraud, 18 U.S.C. § 1343 (Count 20), these two counts must be dismissed with prejudice.

## VII. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress (Count 22).

Plaintiffs allege, in a conclusory fashion, that all named defendants "knew that their actions" would cause distress and "intended to harm" Ms. Brown, which "cause[d]" damages. Plaintiffs' have not pleaded *any* facts to put Defendants on notice as to which of *their* actions were intended to cause Ms. Brown emotional distress.

23

"Illinois sets a 'high bar' for intentional infliction of emotional distress [IIED] claims." *Trahanas v. Nw. Univ.*, 64 F.4th 842, 859 (7th Cir. 2023) (citation omitted). "Liability is found only when 'the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Sun v. Xu*, 99 F.4th 1007, 1013 (7th Cir. 2024) (quoting *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)).

In ruling on a motion to dismiss, courts accept "all well-pleaded facts as true." *Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025). However, Plaintiffs did not plead any facts for their IIED claim. Thus, there are no facts to accept as true, and Plaintiffs have failed to state a claim. Even so, a review of *all* facts alleged throughout the second amended complaint shows that there are *no* facts that make it "plausible on its face," *see id.*, that Defendants engaged in conduct that was "beyond all possible bounds of decency" or "atrocious, and utterly intolerable in a civilized community.'" *Sun*, 99 F.4th at 1013. Plaintiffs' IIED claim must be dismissed.

## VIII. Plaintiffs' Vicarious Liability Claim (Count 23) Must Be Dismissed.

"[V]icarious liability is a 'theory of recovery' that 'depends upon establishing a relationship between the allegedly [wrongful] actor and the alleged principal.'" *Turner v. M.B. Fin. Bank*, No. 14-cv-9880, 2017 WL 4390367, 2017 U.S. Dist. LEXIS 163352, at *19 (N.D. Ill. Oct. 3, 2017) (citation omitted). Thus, if the underlying claim against the agent is dismissed, the claim for vicarious liability must also be dismissed. *See id.* ("[I]f the underling claim against [the agent] is not viable, there is no freestanding, independent basis to pursue vicarious liability for his actions against [the principal]"); *Ruff v. Han*, No. 19-cv-05371, 2022 WL 767219, 2022 U.S. Dist. LEXIS 44031, at *24 (N.D. Ill. Mar. 14, 2022) (dismissing claim for vicarious liability; "since the underlying state-law claims against [the agent defendants] have been dismissed, there is no basis for [the principal defendant's] vicarious liability").

24

As set forth in this motion, Plaintiffs do not have any viable underlying claims against Defendants. As a result, Plaintiffs' claim for vicarious liability must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants, SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP, and MERIT LAW GROUP, respectfully request that this Honorable Court grant their motion to dismiss Plaintiffs' second amended complaint, and for all other relief this Court deems just.

Respectfully Submitted,

SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP, and MERIT LAW GROUP

Dated: September 2, 2025

By: /s/ *Samuel D. Branum*
One of their attorneys

Joseph R. Marconi ARDC #1760173
Samuel D. Branum ARDC #6326622
JOHNSON & BELL, LTD.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
marconij@jbltd.com
branums@jbltd.com
Tel: 312-372-0770

*Attorneys for Scott Gartner, Adam Kingsley, Kingsley Law Group, and Merit Law Group*

25