**IN THE UNITED STATED DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT**

| | | |
|---|---|---|
| BROWN WASHINGTON TRUST, et al | \| | |
| Plaintiffs | \| | Case No: 24-cv-13132 |
| v. | \| | |
| SCOTT GARTNER, et al | \| | Honorable Judge |
| Defendants | \| | Jorge L. Alonso |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP PC AND MERIT LAW GROUP INC's MOTION TO DISMISS**

Plaintiffs, Kimberly Jean Brown, individually, and as an assignee of Brown-Washington Trust (together, "Brown"), respectfully submits this Response in Opposition to Defendants Scott Gartner, Adam Kingsley, Kingsley Law Group PC and Merit Law Group Inc. Motion to Dismiss Plaintiffs' Second Amended Complaint. Defendants' Motion should be denied in its entirety.

**INTRODUCTION**

Defendants move to dismiss eleven counts asserted against them (Counts 13–23) in the Second Amended Complaint ("SAC"). However, these allegations are plausible and particularized and survive dismissal under Fed. R. Civ. Pro. Rules 8 and 9(b) and 12(b)(6).

1

Defendants' motion to dismiss is predicated upon a mischaracterization of the SAC and a selective application of legal standards. Brown has pled a comprehensive and plausible narrative detailing a sophisticated, long-term pattern of racketeering activity and numerous state and federal law violations.  Defendants' attempt to prematurely dismiss this action ignores the intricate nature of the alleged scheme and the specific factual content provided by Brown.

## STANDARD OF REVIEW

F.R.C.P 8(a): claims requires a short and plain statement showing entitlement to relief. Twombly, 550 U.S. 544; Fed. R. Civ. P. 8, 12(b)(6).

F.R.C.P 9(b): requires fraud-based be asserted with particularity.

F.R.C.P. 12(b)(6): well-pleaded facts are accepted as true and reasonable inferences are drawn in plaintiffs' favor.

## ARGUMENT

## 1. BREACH OF CONTRACT CLAIM (COUNT 13)

**Legal Standard:** Agreement between two or more parties, performance by one party, failure of other party to perform, and damages.

**Element-based allegations:**  The SAC alleges

*Agreement:* Brown had two written agreements with Merit Law;

(1) Bellwether Judgment collection; and

2

(2) Contractor Case (summary judgment, settlement tasks).

**Performance:** Plaintiff paid retainers on Merit Contracts, provided documents, and cooperated.

**Breaches:** The SAC alleges Merit Law failed to perform on several promises, including but not limited to:

- dismissed the Contractor Case with prejudice without authority and before execution of a settlement agreement;

- failed to safeguard and return Brown's "damages book";

- ceased collections of the Bellwether Judgment while remaining attorney of record;

- failed to pursue agreed enforcement steps or to withdraw to avoid prejudicing communications;

- failed to act on or forward citation responses.

**Damages:** Diminished settlement reached in 2024 due to Contractor Case damages binder not returned; inability to collect on the Bellwether Judgment due to Defendants' delay in collection; additional fees/costs and consequential losses.

**Breach of contract is not duplicative of malpractice**

Defendants contend that Brown's breach of contract claim is duplicative of the legal malpractice claim because it arises from the same

set of facts. However, a breach of contract claim can stand independently if it alleges a breach of specific contractual promises beyond the duty of care.

As noted above, the SAC allege distinct contractual obligations the breach of which gave rise to a separate cause of action from a general failure to exercise reasonable professional care. Therefore, the breach of contract claim is distinct from and not merely a restatement of negligence.

**Policy Considerations**

Accepting Defendants' argument that 'Brown's breach of contract claim is based on the same facts as her malpractice claim and therefore must be dismissed' would collapse all attorney retainer breaches into malpractice claims, effectively nullifying longer contract limitation periods and immunizing lawyers from contractual accountability.

**Statute of Limitations**

The SAC alleges the Merit Contracts were written agreements which have a ten-year statute of limitations.   However, even if the Merit Contracts were oral agreements, this count was timely filed.

The SAC alleges that Merit Law defaulted on the Contractor Case which later resulted in a breach, including but not limited to:

- In 2019 when Defendant Gartner dismissed the Contractor Case without authorization;

4

- In 2020 when Defendant Gartner failed to complete the Contractor Case settlement agreement;

- In 2020 when Merit Law was unable to find, or refused to return, damages binder after the settlement agreement was not completed.

- In 2020 when Brown declared the Merit Contracts breached and filed Brown v. Gartner, 20-cv-05195 ("Brown1").

This matter was filed in 2024, less than five years from the breach of the Contractor Case Merit Contract and was timely regardless of whether the contract was oral or written.

Similarly, with respect to the Bellwether Judgment Merit Contract, the SAC alleges Defendants appeared to have ceased collection efforts for the Bellwether Judgment when Brown filed Brown1 in 2020. However, even though Plaintiff notified Defendants in Brown1 that Defendants remained as the attorney/firm of record for the Bellwether Judgment collection matter, Defendants did not withdraw their representation and made no assertion in Brown1 that they had actually ceased performance on the Bellwether Judgment Merit Contract. Thus, the date of the breach of the Bellwether Judgment Merit Contract was within five years of the filing of this matter but the actual date of breach is a matter of fact that cannot be disposed of by FRCP 12(b)(6).

## 2. LEGAL MALPRACTICE / BREACH OF FIDUCIARY DUTY (Count 14)

Without relying on relations-back doctrine, there is a question of when Defendants breached their fiduciary duty to Brown for the final time. The SAC alleges that Defendants intentionally withheld the damages binder from Brown to prevent Brown from conducting a damages prove-up hearing for the Contractor Case. In 2024, without that critical damages binder, Brown was forced to settle the Contractor Case for a fraction of the value of her damages.

In addition, the SAC alleges that Defendants intentionally remained as counsel of record on the Bellwether Judgment collections to prevent Brown from being contacted by Bellwether's account holders. As of the date of filing the complaint, Defendants still had not withdrawn.

These allegations suggest that Defendants breached fiduciary duties owed to Brown in 2024, including but not limited to, representing an adverse interest, misusing confidential information, and failing to disclose material facts. Thus, the SAC claim alleging fiduciary breach was timely.

## 3. TORTUOUS INTERFERENCE WITH CONTRACT CLAIM (Count 15)

Defendants argue that Brown's tortious interference claim is conclusory and merely recites elements. However, the Second Amended Complaint provides sufficient factual content to render the claim plausible.

**Legal Standard:** Interference and a lack of justification must be pled.

**Elements-based allegations:** The SAC alleges:

*Valid Agreement:* the Merit Contracts were valid agreements;

*Knowledge:* Defendants Kingsley and Gartner and others, who were non-party actors, knew of the agreements and their material terms;

*Intentional and unjustified interference:* With the goal to prevent Brown from recovering damages, and without justification, intentionally interfered to induce Defendant Merit Law to breach the Merit Contracts (e.g., coordinated "agreed" dismissal with no executed agreement and no client authority; leveraged attorney-of-record status to impede collections);

*Causation and damages:* Defendant Merit Law breached the Merit Contracts damages resulted (diminished 2024 settlement for Contractor Case and impaired Bellwether Judgment collection).

The detailed narrative of the overall scheme lends plausibility to the assertion that Defendants Kingsley and Gartner intentionally interfered with the Merit Contracts without justification and links their actions to Brown's alleged economic harms. Anderson v. Vanden Dorpel, 172 Ill. 2d 399, 667 N.E.2d 1296 (1996).

## 4. FRAUD-BASED CLAIMS ARE ADEQUATELY PLED (Counts 16-20)

Defendants argue that Brown's claims for violations of the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), the Illinois Consumer

7

Fraud Act (ICFA), and fraudulent concealment fail to meet Rule 9(b)'s heightened pleading requirements.

**Legal standard:** Fraud must be pled with particularity, including the who, what, when, where, how, intent, reliance, and damages.

**Elements-based allegations:** The SAC alleges:

*Who:* Defendants;

*What:* Engaged in fraudulent misconduct, fraudulent concealment, false representations to the court and Brown;

*When:* Within the context of the Merit Contracts and related events;

*Where:* Via electronic means, phone communication, mail & court;

*How:*. Various deceptive acts and omissions including but not limited to retention of the damages binder, misrepresentations to the court regarding authority to dismiss action and status of settlement, misrepresentations about the status of Bellwether Judgment collection efforts, accepting payment knowing they would not perform the contracted legal work.

*Intent:* To deprive Brown of their property and financial awards.

*Reliance:* Brown justifiably relied on Defendants actions.

*Damages:* Unauthorized dismissal of Contractor Case: lost prove-up leverage; diminished 2024 settlement. Impaired Bellwether collection.

8

The level of detail provided in the SAC is sufficient to put Defendants on notice of the claims against them. These specifics satisfy fraud particularity and Rule 8 plausibility. Twombly, 550 U.S. 544.

## 5. COUNTS 19 and 20 ARE PREDICATE ACTS FOR RICO

Defendants correctly state that there is no implied private right of action for mail and wire fraud as standalone civil causes of action. However, Brown has included these counts not as independent civil claims, but as predicate acts forming the pattern of racketeering activity for the RICO claim (Count 21).  These counts are clearly delineated as predicate acts within the RICO count.

Therefore, while they do not stand alone as independent civil claims, their inclusion as predicate acts within the RICO framework is appropriate and necessary for the overall scheme alleged.

## 6. CONSPIRACY / CIVIL RICO CLAIM (Count 21)

Defendants contend that Brown's Racketeer Influenced and Corrupt Organizations Act (RICO) claim is a "transparent attempt to move state law claims to federal court" and fails to meet pleading standards. This assertion is unfounded.

The SAC meticulously outlines "Enterprise-0" and its alleged conduct through a pattern of racketeering activity, specifically predicate acts of mail and wire fraud, misappropriation of trade secrets, and other criminal

statutes. While Defendants correctly note the heightened pleading requirements for fraud under Rule 9(b), Brown has provided the "who, what, when, where, and how" to the extent discoverable at this stage.

**Elements-based allegations:** The SAC allegation include, but not limited:

*Agreement / Enterprise:* an association-in-fact with a common purpose to deprive Brown of Brown's property and the funds needed to reclaim it by manipulating processes and communications.

*Predicate acts:* For Defendants, Counts 19 & 20, mail, wire and phone fraud to communicate false statements to the court and to Plaintiff (settlement authority, settlement finality; collections status; concealment of lost binder; failure to forward citation responses; coordinated effort to conceal unauthorized dismissal and to stall collection.)

*Pattern/continuity:* The SAC alleges that the RICO claim satisfies the "continuity plus relationship" test. The alleged predicate acts are clearly related, forming a continuous scheme to deprive Brown of Brown's assets and to conceal this deprivation. The SAC alleges both closed-ended continuity over multiple years (2018–2023) as well as open-ended continuity.

The allegations are not merely conclusory but present a coherent narrative of a concerted effort to defraud Brown. This is precisely the type

of long-term behavior Civil RICO was designed to address, not a "garden-variety fraud action."

**Statute of Limitation**

Regarding the statute of limitations for the Civil RICO claim, Defendants incorrectly asserts that the four-year limitation bars the claim. Brown explicitly allege that they did not acquire information regarding the fraudulent scheme or possible racketeering activities until October 2023.

Given the alleged fraudulent concealment and the complex nature of the scheme, the discovery rule applies, tolling the limitations period to begin when Brown knew or should have known of Brown's injury and its cause which was, at the earliest October 2023. Brown filed this matter in December 2024. That is well within the four-year limitation.

**7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Cnt 22)**

Defendants argue that Brown's claim for intentional infliction of emotional distress (**IIED**) is conclusory and lacks factual support. However, the SAC, read in its entirety, provides a clear factual basis for this claim. The complaint details a prolonged "campaign of terror" against Brown by Enterprise-0 with the assistance of the Defendants and others, including cyber-attacks, mail interception, physical threats, and the traumatic Holiday Inn Incident. These allegations, taken together, describe conduct that is "outrageous in character, and so extreme in degree, as to go beyond all

11

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

The SAC explicitly states that Defendants "knew that their actions" would cause distress and "intended to harm" Brown. While the specific count itself might not be concise, the preceding factual background provides ample detail to support the extreme and outrageous nature of the alleged conduct and the severe emotional distress suffered by Brown.

## 8. VICARIOUS LIABILITY (Count 23)

Defendants argue that the vicarious liability claim must be dismissed if the underlying claims are dismissed. As demonstrated above, Brown contends that numerous underlying claims against Defendants are viable and should not be dismissed. Therefore, the claim for vicarious liability against the corporate Defendants for the acts of their agents and employees, acting within the scope of their employment or agency, remains a proper theory of recovery and should not be dismissed.

## 9. FRAUDULENT CONCEALMENT & DISCOVERY RULE (Count13-23)

Defendants argue that Brown's claims related to the Merit Contracts are barred by the statute of limitations, asserting that the alleged conduct occurred in 2018 and 2019. This argument overlooks ongoing injury, critical allegations of fraudulent concealment, and the application of the discovery rule.

12

**Ongoing Injury**

As alleged in the SAC, in 2024, Brown was forced to enter a settlement agreement regarding the Contractor Case for a fraction of what she would have received if Defendants returned her damages binder, which she believes they have.

In addition, as of the filing of the complaint in 2024, Kingsley/Merit Law remained counsel of record on the Bellwether Judgment Collection matter. Neither Defendant took steps to withdraw. Thus, Kingsley/Merit Law continue to have the opportunity to divert or impede enforcement communications and produce ongoing injury to collection efforts.

This conduct both supports accrual within the relevant period and tolls earlier periods under fraudulent concealment principles.

***Fraudulent Concealment***

Defendants' argument that Brown knew of her alleged injuries when Brown1 was filed in September 2020 is completely without foundation. The SAC asserts that Brown had some initial awareness of malpractice-based issues. However, Brown was unaware of the conspiracy to commit fraud, the racketeering activities or the goal of the association. As alleged in the SAC, Brown did not begin to discover fraudulently concealed facts and the extent of the harm until October 2023.

13

The SAC details how Plaintiff learned that the software she created for a company she founded had been absconded and was being operated by an unauthorized party. As alleged in the SAC, Brown learned these details through an email advertisement from Merit Law featuring the stolen software. The SAC also alleges how that discovery shed light on Defendants' pre-Brown1 actions dismissing summary judgment award with prejudice and without authorization, the failed settlement negotiations and the failure to collect $435,000 Bellwether Judgment.

Moreover, Brown clearly alleged in the SAC that Defendants actively misled, engaged in affirmative acts to conceal, and conspired to conceal material facts to prevent Brown from becoming aware of their actions and her injuries. These concealed facts include Defendants' intentions, motivations, and the timing of their actions. Brown could not independently verify these concealed facts and reasonably believed Defendants' deceptive misrepresentations.

Because of Defendants' fraudulent concealment, the discovery rule tolls the statute until on or after October 2023 for the impacted claims.

**Relation Back Doctrine**

Brown requests the Court strike the surplus language in the SAC that represents that Brown is relying back on the filing date of Brown1. Brown is proceeding without the utilization of that doctrine. The court's statement

in Brown1 that Brown *may* refile without it being time-barred, while not a definitive ruling on the current action's timeliness, supports the notion that the claims were not definitively time-barred at that point, and the subsequent discovery of concealed facts further justifies the present filing.

The dismissal of Brown1 was for lack of subject matter jurisdiction and did not adjudicate the merits of the claims or the impact of fraudulent concealment on the accrual of the cause of action. In this action, Brown relies on the claims being timely filed based on the various statutes of limitations and the discovery rule.

## III. CONCLUSION

For the foregoing reasons, Brown respectfully request that this Honorable Court deny Defendants' Motion to Dismiss in its entirety.

Respectfully Submitted,

Dated: September 22, 2025
By: /s/ Kimberly Jean Brown
Kimberly Jean Brown, as an individual and as an assignee of the Brown
    Washington Trust ("Plaintiffs" and "Brown")
1026 E. 46th Street, Unit 2E
Chicago, Illinois 60653
(773) 673-0324
Kim@PrivacyGladiators.com

15