**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-13132 |
| | ) | |
| SCOTT GARTNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6)

Defendant Michelle Montgomery ("Montgomery"), through her counsel of record, Kaplan & Gournis, P.C., for her motion to dismiss Plaintiff Kimberly Jean Brown and Brown-Washington Trust's (collectively "Plaintiff") second amended complaint (the "Complaint" or "SAC") pursuant to Federal Rule 12(b)(6) (the "Motion"), states as follows:

## INTRODUCTION

Plaintiff already lost her claims against Montgomery in the matter of *Brown v. Montgomery, et al.*, Case No. 20-cv-4893 (the "2020 Case"). On January 23, 2025, the trial court (Hon. Judge Sara Ellis, presiding) entered a final judgment against Plaintiff, dismissing Plaintiff's complaint against Montgomery with prejudice in the 2020 Case (the "Judgment"). (Docket # 168.) Plaintiff is currently appealing that Judgment. Undeterred by the entry of the Judgment against her, Plaintiff has forged ahead with this Complaint against Montgomery in an attempt to recycle her now-dismissed claims in this case against Montgomery. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because: (1) Plaintiff's claims are barred by *res judicata*; and (2) Plaintiff's claims are not plausible. The court should dismiss the Complaint with prejudice pursuant to Rule 12(b)(6).

**ARGUMENT**

### I.      Plaintiff's Complaint is Barred by *Res Judicata*

A final judgment rendered on the merits is a bar to a subsequent suit between the parties or their privities involving the same transaction.  735 ILCS 5/2-619(a)(4); *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18; *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

Illinois follows the more liberal transactional test for determining whether claims are identical, and claims are considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction.  *River Park*, 184 Ill. 2d at 311; *A&R Janitorial v. Pepper Constr. Co.*, 2018 IL 123220, ¶ 16.

Here, the Judgment was already entered in favor of Montgomery and against Plaintiff in the 2020 Case.  As alleged in the 2020 Case, Plaintiff attempted to pursue various claims against Montgomery relating to Montgomery's representation of Dr. Hamilton relating to his investment in Legacy Complete.  (2022 Case, SAC, ¶¶ 22, 27, 36, 28, 40.)  In the 2020 Case, Plaintiff alleged that Montgomery, in her role as counsel for Hamilton, was "antagonistic and accusatory" toward Plaintiff and told Plaintiff that she was hired by Hamilton to "clean up [Plaintiff's] mess." (Id., ¶ 39.)  Plaintiff alleged in the 2020 Case that Montgomery counseled Hamilton to push Legacy into insolvency and, ultimately, its failure in 2017.  (Id., ¶¶ 65-66.)

Plaintiff alleged in the 2020 Case that the Legacy application was not released by Bellwether Creation Company, which is at issue in this case, because of Montgomery's actions. (Id., ¶ 84.)  In the 2020 Case, Plaintiff attempted to plead various claims against Montgomery related to her alleged actions to allegedly sabotage Plaintiff and Legacy, including tortious interference claims and an alleged conspiracy between Montgomery and co-Defendants in this matter JP Morgan Chase and Lila Goldston.  The Judgment was also entered in favor of both JP

Morgan Chase and Lila Goldston.

On January 23, 2025, the court entered the Judgment in favor of Montgomery and against Plaintiff in the 2020 Case. (Docket # 168.)

While the allegations against Montgomery in Plaintiff's multifarious Complaint are difficult to discern, it appears that Plaintiff is attempting to pursue the claims in this matter against Montgomery related to the same issues/transactions/facts at issue in the 2020 Case.

This is something that Plaintiff cannot do. *River Park*, 184 Ill. 2d at 311; *A&R Janitorial*, 2018 IL 123220, ¶ 16.

Plaintiff's claims against Montgomery are barred by *res judicata*, and the court should accordingly dismiss the Complaint with prejudice pursuant to Rule 12(b)(6).

**II.      Plaintiff Fails to Plead Plausible Claims Against Montgomery**

Plaintiff has grouped Montgomery together with numerous other "Defendants" in counts 2-12, 15-20, and 21-23, alleging wide-ranging and serious allegations. Yet, at bottom, Plaintiff's claim fails because she does not even attempt to actually plead any facts to show any alleged actions/omissions by Montgomery. Plaintiff's conclusory Complaint is therefore not plausible and the court should dismiss the Complaint with prejudice.

It is well established that a court should dismiss a complaint for an egregious violation of Rule 8(a) because a court "has better things to do than 'to fish a gold coin from a bucket of mud.'" *Rocha v. FedEx Corp.*, 15 F. Supp. 3d 796, 805-06 (N.D. Ill. 2014); *see Harman v. Gist*, No. 02-6112, 2003 WL 22053591, *3 (N.D. Ill. Sept. 2, 2003).

A court should dismiss a complaint if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual

content because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the court may consider any exhibits attached to the complaint and, where the exhibit and complaint conflict, the exhibit typically controls. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006).

To survive a 12(b)(6) challenge, a complaint must first comply with Rule 8(a) by providing a short and plain statement of the claim showing that the pleader is entitled to relief. *Second Amendment Arms v. City of Chicago*, No. 10-4257, 2012 WL 4464900, *3 (N.D. Ill. Sept. 25, 2012). A complaint should be dismissed as unintelligible where the complaint consists of a narrative that is prolix, digressive, and full of irrelevant details. *Amachree v. Garland*, 2023 WL 3033493, *1 (7th Cir. Apr. 21, 2023); *Mohammed v. Prairie State Legal Services, Inc.*, 2021 WL 4962988, *1 (7th Cir. Oct. 26, 2021); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Plaintiff does not plead a single fact relative to anything that Montgomery allegedly did or did not do to explain why Montgomery has been named as a defendant in this matter. Indeed, the only specific allegation in the Complaint related to Montgomery is Plaintiff's allegation that:

> 12) Defendant Michelle Montgomery ("Defendant Montgomery") is an individual and a citizen of Illinois. Defendant Montgomery is a partner at Defendant Montgomery Firm. Plaintiffs believe Defendant Montgomery's home address is either 6901 S. Oglesby Ave., #3B, Chicago, IL 60649; or, 2315 S. Kolin Ave, Chicago, IL 60623.

(SAC, ¶ 12.) This singular allegation relating to Montgomery does not aid Plaintiff in pleading a plausible claim against Montgomery in any of the 20 counts that Plaintiff attempts to plead against Montgomery.

For all of these reasons, Plaintiff has not pled a plausible claim for any recognized

4

claim/cause of action against Montgomery. This is Plaintiff's third unintelligible complaint. It should be her last. The Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Montgomery requests that the court dismiss Plaintiff's Complaint. This was Plaintiff's third bite at the apple. Plaintiff should not get a fourth bite; as a result, Montgomery requests that court dismiss the Complaint with prejudice.

WHEREFORE, Defendant Michelle Montgomery respectfully requests that this Honorable Court dismiss Plaintiff Kimberly Jean Brown's Second Amended Complaint with prejudice and any other such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

MICHELLE MONTGOMERY,

September 29, 2025 _____/s/ Chris S. Wunder_____
Chris S. Wunder (cwunder@kpglaw.com)
Eric D. Kaplan (ekaplan@kpglaw.com)
KAPLAN PAPADAKIS & GOURNIS, P.C.
One South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Phone: (312) 726-0531

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record / parties by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on the date of filing.

_____/s/ Chris S. Wunder_____