**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Kimberly Jean Brown, individually, and Brown-Washington Trust, derivatively on behalf of Legacy Complete LLC,** | |
| **Plaintiffs,** | **Case No. 1:24-cv-13132** |
| **v.** | **Judge Jorge L. Alonso** |
| **Scott Gartner, et al.,** | |
| **Defendants.** | |

<u>**DEFENDANTS JOHN KOHT AND KOHMEDIA LLC'S MOTION TO DISMISS**</u>

Defendants John Koht ("Koht") and Kohmedia LLC ("Kohmedia") (collectively, the "Kohmedia Defendants"), move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all counts directed against them (Counts 1-12 and 21-23) in Plaintiffs' Second Amended Complaint (the "Complaint"), and in support state as follows:

<u>**INTRODUCTION**</u>

1. The Complaint is a textbook example of "kitchen sink" pleading that violates the Federal Rules of Civil Procedure. *See Cincinnati Life Insurance Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013). Plaintiffs attempt to assert a wide variety of indiscriminate claims against the Kohmedia Defendants, all stemming from a contract dispute that is nearly ten years old.

2. Plaintiffs' claims against the Kohmedia Defendants should be dismissed for eleven reasons: (I) every claim brought by or on behalf of Legacy Complete LLC ("Legacy Complete") is time barred under the Nevada Limited Liability Company Act governing actions brought on behalf of dissolved limited liability companies; (II) plaintiff Kimberly Brown ("Brown") lacks standing to bring any claims against the Kohmedia Defendants; (III) Koht is not

personally liable for the alleged actions of Kohmedia; (IV) Plaintiffs' claims in Counts 2-10 and 21-22 are time-barred; (V) Plaintiffs' fraud claims fail to meet the heightened pleading standard under Rule 9(b); (VI) Plaintiffs fail to identify any protectable trade secrets; (VII) the Kohmedia Defendants cannot tortiously interfere with their own contract; (VIII) Plaintiffs cannot bring a civil cause of action under criminal statutes; (IX) Plaintiffs fail to allege damages under the Computer Fraud and Abuse Act; (X) Plaintiffs fail to state a claim under the Racketeer Influenced and Corrupt Organizations Act, for intentional infliction of emotional distress, or for vicarious liability; and (XI) the Complaint violates Rule 8.

## BACKGROUND

3. This action arises out of a ten-year old software development engagement between Legacy Complete and Kohmedia. Koht owned, operated, and managed Kohmedia (Compl., ¶¶11, 20.) On or about June 19, 2015, Legacy Complete entered into a contract with Kohmedia (the "Kohmedia Contract") for Kohmedia to build and service the first version of Legacy's software application (the "App") (Compl., ¶¶31, 33.)

4. In November 2015, Brown discovered that a clone of the App was running on a second, "unauthorized domain." (Compl., ¶35.) On or about December 10, 2015, Kohmedia allegedly informed Ms. Brown that it "was going to default on the Kohmedia Contract" and refused to fix purported "issues in the App's software code." (Compl., ¶¶41, 44.) Legacy Complete then hired a new developer to "mitigate its damages." (Compl., ¶¶46-47.)

5. In 2017, Legacy Complete was administratively dissolved. (Compl., ¶4.)

6. In December 2024, seven years after the dissolution of Legacy Complete, Brown (individually) and the Brown-Washington Trust (the "Trust") (derivatively on behalf of Legacy

2

Complete) filed this action in an attempt to hold the Kohmedia Defendants liable for events that occurred nearly ten years ago.

7.      In Count 1, the Trust asserts a derivative breach of contract claim on behalf of Legacy Complete against Kohmedia. In Counts 2-12, 21, and 23, Plaintiffs assert various claims against the Kohmedia Defendants. In Count 22, Brown asserts an individual claim against the Kohmedia Defendants for intentional infliction of emotional distress.

## ARGUMENT

8.      "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

9.      The factual allegations must be sufficient to raise the possibility of relief above a "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A plaintiff's complaint must contain more than "highly generalized factual allegations"; it must contain "enough specific factual allegations to state a plausible claim." *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013). A plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted)).

**I.     All Claims Brought On Behalf Of Legacy Complete LLC
        Are Barred By The Nevada Limited-Liability Company Act**

10.     Every claim the Trust brings derivatively on behalf of Legacy Complete (Counts 1-12, 21, and 23) must be dismissed because they are barred by Section 86.505 of the Nevada Limited-Liability Company Act (the "Nevada LLC Act"), Nev. Rev. Stat. Ann. § 86.505.

11.     Legacy Complete was a Nevada limited liability company that "was administratively dissolved in 2017…." (Compl., ¶4.) Under Section 86.505 the Nevada LLC Act, a dissolved Nevada limited liability company is barred from bringing claims more than three years after the date of dissolution:

> The dissolution of a limited-liability company does not impair any remedy or cause of action available to or against it or its managers or members commenced, within 2 years after the effective date of the articles of dissolution, with respect to any remedy or cause of action as to which the plaintiff learns, or in the exercise of reasonable diligence should have learned of, the underlying facts on or before the date of dissolution, or **within 3 years after the date of dissolution with respect to any other remedy or cause of action**. Any such remedy or cause of action not commenced within the applicable period is barred….

Nev. Rev. Stat. Ann. § 86.505(1) (emphasis added).

12.     All claims that Plaintiffs assert against the Kohmedia Defendants arise from Brown's alleged discovery in November 2015 of "a clone of the App" and Kohmedia's alleged breach of the Kohmedia Contract in December 2015. (*See* Compl., ¶41.)

13.     Plaintiffs' own allegations establish that Legacy Complete knew, or at the very least should have known, of its claims against the Kohmedia Defendants in November 2015— when Brown allegedly discovered "a clone of the App." The alleged "clone of the App" is the gravamen of Plaintiffs' claims.

14.     Because Plaintiffs knew or should have known about their claims before Legacy Complete was dissolved in 2017, those claims are subject to the two-year limitation and had to

4

be filed no later than November 2017. *See* Nev. Rev. Stat. Ann. § 86.505(1). Even if Legacy Complete somehow did not discover its claims before its dissolution in 2017, the Nevada LLC Act required any such claims to be brought within three years after dissolution, i.e., by 2020. *See In re Micr Toner Int'l LLC (Nev.),* No. 2:16-bk-24024-ER, 2017 Bankr. LEXIS 530, at *16 (Bankr. C.D. Cal. Feb. 24, 2017) (the Nevada LLC Act "requires dissolved limited liability companies to commence an action within three years of dissolution if they wish to obtain a judgment in their favor.")

15. This action, however, was not filed until November 2024—nine years after the alleged discovery of "a clone of the App" and seven years after Legacy Complete was dissolved. Accordingly, all claims brought by the Trust on behalf of Legacy Complete are time-barred under the Nevada LLC Act and must be dismissed.

## II.      **Brown Lacks Standing To Bring Claims Against The Kohmedia Defendants**

16. Counts 2-12, 21, and 23 should be dismissed for the additional reason that Brown lacks standing to bring any claims against the Kohmedia Defendants in her individual capacity.

17. To establish standing, Brown must show she has suffered an injury that is fairly traceable to the Kohmedia Defendants' conduct. *See Flynn v. FCA US LLC*, 39 F.4th 946, 952 (7th Cir. 2022).

18. Each of Brown's claims, however, arise out of the Kohmedia Contract (to which Brown is not a party) and relate to the App (which Brown does not own). Legacy Complete owns the App and is a party to the Kohmedia Contract (*see* Compl., ¶76), and therefore any harm allegedly caused by the Kohmedia Defendants was sustained by Legacy Complete, not Brown.

19. Brown has failed to identify—and cannot identify—an injury separate and distinct from Legacy Complete's alleged injury. *See Domanus v. Lewicki*, 645 F. Supp. 2d 697, 704

(N.D. Ill. 2009) (dismissing complaint that did "not properly assert any individual injuries separate and distinct from the corporation's injuries"). Because Brown has not alleged, and cannot allege, a personal injury fairly traceable to the Kohmedia Defendants, she lacks standing to bring Counts 2-12, 21, and 23 and those counts should be dismissed for this additional reason.

## III. Koht Is Not Personally Liable For Kohmedia's Actions

20. In Counts 2-12 and 21-23, Plaintiffs seek to hold Koht liable for Kohmedia's Actions by alleging that Koht is the owner, operator, and manager of Kohmedia. (*See* Compl., ¶¶11, 20.) Under the Illinois Limited Liability Act, however, members and managers of an LLC are generally not liable for actions of the company:

> [T]he debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

805 ILCS 180/10-10(a).

21. Plaintiffs fail to allege any facts under which Koht could be personally liable for actions taken in his capacity as a member or manager of Kohmedia and, therefore, Counts 2-12 and 21-23 of the Complaint should be dismissed as to Koht.

## IV. Counts 2-10 and 21-22 Are Barred By The Applicable Statute Of Limitations

22. Counts 2-10 and 21-22 of the Complaint should be dismissed for the additional reason that each of them is barred by the applicable statutes of limitations.

23. As discussed above, Plaintiffs' claims against the Kohmedia Defendants in Counts 2-10 and 21-22 of the Complaint arise out of Brown's alleged discovery of "a clone of the App" in November 2015, and Kohmedia's alleged breach of the Kohmedia Contract in

December 2015. (*See* Compl., ¶41.) Each of these claims is barred by the applicable statute of limitations:

        a.      Claims under the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) (Count 2) must be brought within three years of the date the cause of action accrues. *See McCready v. Illinois Secretary of State*, 382 Ill. App. 3d 789, 798 (3rd Dist. 2008).

        b.      Claims under the Illinois Consumer Fraud Act (815 ILCS 505/1-1 *et seq.*) (Count 3) must be brought within three years of the date the cause of action accrues. *See* 815 ILCS 505/10a(e).

        c.      Claims for fraudulent concealment (Count 4) must be brought within five years after the person entitled to bring the same discovers that he or she has such cause of action. *See* 735 ILCS 5/13-215.

        d.      Claims for misappropriation of trade secrets under 18 USCS § 1836 (Count 5) must be brought within three years after the date on which the misappropriation is discovered or should have been discovered. *See* 18 USCS § 1836(d).

        e.      Claims under the Illinois Trade Secrets Act (765 ILCS 1065/1 *et seq.*) (Count 5) must be brought within five years after the misappropriation is discovered or should have been discovered. *See* 765 ILCS 1065/7.

        f.      Claims for mail fraud under 18 USCS § 1341 (Count 6) and wire fraud under 18 USCS § 1343 (Count 7) must be brought within five years from the date of mailing of the fraudulent information or wiring of the money. *See United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002).

g.      Claims for tortious interference (Counts 8 and 9) must be brought within five years after the cause of action accrued. *See Poulos v. Lutheran Social Services of Illinois, Inc.*, 312 Ill. App. 3d 731, 745 (1st Dist. 2000); *see also* 735 ILCS 5/13-205.

h.      Claims under the Computer Fraud and Abuse Act (18 U.S.C. §1030) ("CFAA") (Count 10) must be brought within two years of the date of the act complained of or the date of the discovery of the damage. *See* 18 U.S.C. § 1030(g).

i.      Claims under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq.*) (Count 21) must be brought within four years of when the plaintiff knows or reasonably should know of their injury and also knows or reasonably should know that the injury was wrongfully caused. *See Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922, 926 (7th Cir. 2015).

j.      Claims for intentional infliction of emotional distress (Count 22) must be brought within two years of when the plaintiffs discover, or should, if diligent, have discovered, that they had been injured by the defendants. *See Maron v. Law Office of Ray Garcia*, No. 20-cv-07282, 2021 WL 4439399, at *11 (N.D. Ill. Sep. 28, 2021).

24.     The longest statute of limitations applicable to any of the claims in Counts 2-10 and 21-22 is five years, which would have required Plaintiffs to file this action in 2020, yet Plaintiffs waited until 2024 to do so. For this reason, Counts 2-10 and 21-22 are barred by the applicable statutes of limitations and should be dismissed.

25.     Recognizing that all but one of their claims are time-barred, Plaintiffs attempt to avoid dismissal by repeatedly asserting that "the discovery rule applies to this claim and that the date of discovery was in or about October 2023." (See Compl. ¶¶80, 85, 94, 136.) Plaintiffs' own allegations, however, contradict this contention by admitting that Brown discovered "a clone of

the App" and that Kohmedia breached the Kohmedia Contract in 2015. (See Compl. ¶¶35, 41.) Based on their own allegations, Plaintiffs knew or should have known of their claims in 2015. The conclusory allegation that the discovery rule somehow applies and that discovery occurred in October 2023 collapses under the weight of their contrary allegations and must be disregarded.

26. In support of this argument that the discovery rule does not toll the statutes of limitations applicable to Plaintiffs' claims, the Kohmedia Defendants hereby join in, adopt, and incorporate by reference Section II(C) of the Motion to Dismiss filed by Defendants Scott Gartner, Adam Kingsley, Kingsley Law Group, and Merit Law Group (ECF No. 60) (the "Gartner Motion to Dismiss").[1]

**V.      Plaintiffs Fraudulent Misrepresentation Claims Fail To Meet The Heightened Pleading Standards Of Rule 9(b)**

27. Plaintiffs bring claims under the Illinois Uniform Deceptive Trade Practices Act (Count 2), under the Illinois Consumer Fraud Act (Count 3), and for fraudulent concealment (Count 4), all of which are based on alleged misrepresentations. (*See* Compl., ¶82.) Each of these counts must be dismissed for the additional reason that they fail to meet the heightened pleading standards of Rule 9(b). In support of this argument, the Kohmedia Defendants hereby join in, adopt, and incorporate by reference Section V of the Gartner Motion to Dismiss.[2]

**VI.     Plaintiffs Fail To State A Claim For Misappropriation Of Trade Secrets**

28. Count 5 should be dismissed for the additional reason that Plaintiffs fail to allege they possessed any protectible trade secrets.

---

[1] Although Section II(C) of the Gartner Motion to Dismiss seeks dismissal of Counts 13-20, Plaintiffs rely on the same conclusory statement "that the discovery rule applies" in Counts 2-10 and 21-22, and that argument as to claims against the Kohmedia Defendants should be disregarded for the same reason.

[2] Although Section V of the Gartner Motion to Dismiss seeks dismissal of Counts 16-18, Plaintiffs' claims against the Kohmedia Defendants in Counts 2-4 lack the requisite specificity particularity in the same manner as Plaintiffs' claims in Counts 16-18 and should be dismissed for the same reason.

29. Under the Illinois Trade Secrets Act, a "trade secret" is defined as information that: "(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2(d). The Defend Trade Secrets Act defines the term similarly. *See* 18 U.S.C.S. § 1839(3).

30. The Complaint fails to allege any facts sufficient to identify what information Plaintiffs contend constitutes "trade secrets." Although the Complaint repeatedly invokes the phrase "trade secrets," Plaintiffs never once attempt to describe the nature of the alleged secrets or provide any factual basis from which the Court could determine whether the information qualifies for trade secret protection.

31. Plaintiffs' repeated, generalized references to "trade secrets" are conclusory and devoid of factual allegations sufficient to show either (a) how Plaintiffs derive value from the purported trade secrets, or (ii) what specific measures Plaintiffs took to maintain their confidentiality. *See Smietana v. Stephens*, No. 22 C 708, 2023 WL 3737720, at *33 (N.D. Ill. May 30, 2023) (dismissing claim for misappropriation of trade secrets where plaintiffs generally alleged their trade secrets included hardware, software, and source code, without more).

32. As a result, Plaintiffs' allegations fail to put the Kohmedia Defendants on notice of the precise trade secrets at issue and Count 5 should be dismissed.

## VII. Kohmedia Defendants Cannot Tortiously Interfere With The Kohmedia Contract

33. In Counts 8 and 9 of the Complaint, Plaintiffs claim that the Kohmedia Defendants "tortuously [sic] interfered, or conspired to interfere, with the Kohmedia Contract

10

and intentionally caused its breach" and "tortuously [sic] interfered, or conspired to interfere, with Legacy's business expectancy of operating the App…." (Compl., ¶¶89-90.)

34.     Counts 8 and 9 should be dismissed because, as a matter of black-letter law, a party cannot tortiously interfere with its own contract. This rule extends to agents of a contracting party, and therefore Koht, as the Manager of Kohmedia, cannot tortuously interfere with Kohmedia's own contract. *See Bosch v. NorthShore University Health System*, 2019 IL App (1st) 190070, ¶ 95 ("A party cannot tortiously interfere with its own contract. This rule extends to agents;…") (internal citations omitted).

**VIII.    Counts 6, 7, 11, And 12 Do Not Provide For Civil Causes Of Action**

35.     Counts 6, 7, 11, and 12 should be dismissed because there is no private right of action for (a) mail fraud (Count 6) or wire fraud (Count 7) (*see Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002, 2014 WL 3811002, at *26 (N.D. Ill. Aug. 1, 2014) ("There is no implied private right of action for a violation of the mail and wire fraud statutes….")); (b) the interstate transportation of stolen property (Count 11) (*see Cooper v. North Jersey Trust Co.*, 250 F. Supp. 237, 243 (S.D.N.Y. 1965) ("violation of this section, a criminal statute of general application, does not give rise to a private federal right of action")); or (c) the receipt of stolen property (Count 12) (*see Stone v. Washington Mut. Bank*, No. 10 C 6410, 2011 WL 3678838, at *10 (N.D. Ill. Aug. 19, 2011) ("no private right of action exists under" 18 U.S.C. § 2315)).

**IX.    Plaintiffs Fail To State A Claim Under The CFAA**

36.      Count 10 should be dismissed because Plaintiffs fail to allege "damage or loss" as required to state a claim under the CFAA.

37.     To state a claim for a violation of the CFAA, Plaintiffs must plausibly allege they suffered "damage or loss," which is generally defined as costs Plaintiffs incurred responding to

the unauthorized access or transfer, "such as responding to the offense or otherwise restoring lost material" and "lost revenue or other damages incurred as a result of an interruption of service. Purely economic harm unrelated to the computer systems is not covered by this definition." *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 721 (N.D. Ill. 2009).

38. Here, Plaintiffs do not allege that they incurred any costs responding to the purported violation or that they suffered damages due to an interruption of service. Instead, they merely assert that "[t]he value of the data obtained is greater than $5,000."

39. Such conclusory allegations, without more, are insufficient to state a private claim under the CFAA. *See Id.* (dismissing CFAA claim where plaintiff's allegation that it "suffered damages or loss aggregating at least $5,000" was insufficient to plead the requisite damage or loss under the CFAA).

## X. Kohmedia Defendants Join In The Gartner Motion to Dismiss For Dismissal Of Counts 21-23

40. The Kohmedia Defendants hereby join in, adopt, and incorporate by reference Sections I, VII, and VIII of the Gartner Motion to Dismiss arguing that Plaintiffs fail to state a RICO claim against any of the Defendants (Section I), Plaintiffs fail to state a claim for intentional infliction of emotional distress (Section VII), and vicarious liability is not a stand-alone claim, but a theory of recovery (Section VIII).

## XI. The Complaint Should Be Dismissed For Violating Rule 8

41. Under Rule 8, Plaintiffs are required to provide "a short and plain statement of the claim" showing they are entitled to relief. Fed. R. Civ. P. 8(a)(2). Complaints are subject to dismissal "when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general 'kitchen sink' approach to pleading the case.'" *Beyrer*, 722 F.3d at 947.

12

42.     Plaintiffs repeatedly lump multiple defendants and claims together without differentiation, making it impossible to discern what allegations each defendant is called upon to defend. The Complaint should be dismissed for this pervasive violation of Rule 8.

## CONCLUSION

43.     Plaintiffs' claims against the Kohmedia Defendants stem from a nearly decade-old contract dispute concerning development of the App and amount to a desperate attempt to impose liability by asserting an array of scattershot claims in the hope that something will stick. Because these claims are untimely, legally insufficient, or improperly asserted, this Court should dismiss Counts 1-12 and 21-23 against the Kohmedia Defendants with prejudice.

WHEREFORE, Defendants John Koht and Kohmedia LLC request that this Court dismiss all claims against them with prejudice and grant them such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Míle Knabe
Attorney for John Koht and
Kohmedia LLC

Michael J. Boxerman  mboxerman@marcusboxerman.com
Míle Knabe mknabe@marcusboxerman.com
MARCUS & BOXERMAN
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(312) 216-2720
Firm No. 56113

COUNSEL FOR JOHN KOHT AND KOHMEDIA LLC

13