**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BROWN WASHINGTON TRUST et al.,

Plaintiffs,

v.

SCOTT GARTNER et al.,

Defendants.

Case No. 24-cv-13132

Judge Jorge L. Alonso
Magistrate Judge Daniel P. McLaughlin

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants, SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP, and

MERIT LAW GROUP ("Defendants"), by and through their undersigned attorneys, submit the

following reply brief in support of their motion to dismiss Plaintiffs' second amended complaint:

**ARGUMENT**

I.     **Plaintiffs' RICO Claim (Count 21) Is a Transparent Attempt to Move Their State Law Claims to Federal Court, and It Should Be Dismissed for Failure to State a Claim.**

Plaintiffs argue that the second amended complaint "meticulously outlines 'Enterprise-0'

and its alleged conduct through a pattern of racketeering activity." (Pls.' Resp. at 9, ECF No. 74.)

Although Plaintiffs *argue* that the complaint "meticulously" describes a pattern of racketeering

activity, the allegations in the complaint do nothing of the sort. Plaintiffs' allegations are overly

generalized and lack the specificity required to plead a RICO claim under Rule 9(b). *See Menzies*

*v. Seyfarth Shaw Ltd. Liab. P'ship*, 943 F.3d 328, 338 (7th Cir. 2019) (stating that "the heightened

pleading requirements of Fed. R. Civ. P. 9(b) apply" when a plaintiff seeks to plead RICO's pattern

element through predicate acts of mail or wire fraud).

Plaintiffs' response does not even attempt to elaborate on the allegations in the complaint.

Plaintiffs argue there was an agreement/enterprise because there was an "association-in-fact," but

1

they do not provide a single fact about the alleged association. (Pls.' Resp. at 10.) Plaintiffs argue the predicate acts exist because Defendants "communicate[d] false statements to the court and to Plaintiff," but they do not identify what false statements were allegedly made. (*Id.*) Plaintiffs argue there was a pattern because the "alleged predicate acts are clearly related, forming a continuous scheme to deprive Brown of Brown's assets and to conceal this deprivation," but this general statement omits key facts and falls short even under Rule 8's standard. (*Id.*) Plaintiffs argue that continuity exists because the complaint alleges both "closed-ended continuity" as well as "open-ended continuity," but this simply recites the element of the claim (*Id.*) "[A] threat of continuity cannot be found from bald assertions." *Menzies*, 943 F.3d at 343.

RICO claims have demanding pleading requirements "designed 'to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law.'" *Id.* at 337 (citation omitted). Plaintiffs' RICO claim is a transparent attempt to move state law claims to federal court. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 299 (7th Cir. 2003). Courts "are not permitted to . . . allow a plaintiff to shoehorn a state-law fraud claim into a civil RICO claim." *Menzies*, 943 F.3d at 342. This Court should dismiss Plaintiffs' RICO claim in full.

## II. The "Merit Contracts" Claims (Counts 13–20) Are Barred by the Statute of Limitations.

Plaintiffs' second amended complaint alleges facts that establish Defendants' statute of limitations defense. Therefore, this Court may properly dismiss Plaintiffs' claims based on the statute of limitations. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019) (stating that a district court may dismiss a complaint when "a plaintiff alleges facts sufficient to establish a statute of limitations defense").

**A.      The limitation period for Plaintiffs' claims has expired.**

Illinois sets a two-year limitations period to file claims relating to the performance of legal services: "An action for damages based on *tort, contract, or otherwise* against an attorney arising out of an act or omission in the performance of professional services . . . must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." *Menzies*, 943 F.3d at 346 (emphasis added) (quoting 735 ILCS 5/13-214.3(b)).

Plaintiffs argue that their breach of contract claim (Count 13) has either a ten- or five-year statute of limitations. (Pls.' Resp. at 4–5.) Plaintiffs, however, do not address the statute of limitations in 735 ILCS 5/13-214.3. The statute applies to contract claims against an attorney in connection with legal services, and the limitations period is two years. *See* 735 ILCS 5/13-214.3(b). The statute also applies to tort claims and any other claims against an attorney in connection with legal services. *See id.*

Because Plaintiffs bring contract, tort, and other claims against Defendants (who are attorneys and law firms) based on alleged acts and omissions in the performance of professional services, the statute applies to Plaintiffs' state law claims. *See Muskegan Hotels, LLC v. Patel*, 986 F.3d 692, 697 (7th Cir. 2021) (applying statute to a law firm and affirming district court's conclusion that state law claims were untimely on a motion to dismiss). "[T]his limitations period applies to *all claims* arising from a lawyer's provision of professional services—not just legal malpractice claims and not just those claims brought against a lawyer by the lawyer's client." *Katz v. Hartz*, 195 N.E.3d 730, 735 (Ill. App. Ct. 2021) (emphasis added).

Plaintiffs allege that Defendants are liable for conduct occurring in 2018 and 2019. (*Brown II*, 2d Am. Compl. ¶¶ 52–53, 70–71; *see also Brown I*, Am. Compl. ¶ 68.) Plaintiffs allege that the claims in the "Merit Contracts" section of the second amended complaint (Counts 13–20)

3

"are based on facts and claims asserted in Brown v. Gartner, Northern District of Illinois, 1:20-cv-05195." (*Brown II*, 2d Am. Compl. ¶ 97.) Plaintiffs allege that "Ms. Brown notified Defendants Gartner and Merit Law that they were in default of the Merit Contracts in or about October 2019." (*Id.* ¶ 103.) Plaintiffs filed this case on December 20, 2024. (*Brown II*, Compl., ECF No. 1.) Because Plaintiffs filed this case long after the two-year statute of limitations had expired, Plaintiffs' state law claims are barred by the statute of limitations and must be dismissed.

Plaintiffs also argue that their legal malpractice / breach of fiduciary claim (Count 14) is timely because Defendants' alleged wrongdoing continues to cause them injury. (Pls.' Resp. at 6.) Plaintiffs allege that "[a]pproximately one year after winning summary judgment on the Contractor Case" (*Brown II*, 2d Am. Compl. ¶ 63), which occurred in May 2018 (*id.* ¶ 61), Defendant Merit Law could not locate a "binder with damages documentation." (*Id.* ¶ 64.) Thus, by at least May 2019, Plaintiffs knew of the alleged injury involving the missing binder.

Plaintiffs argue that without the binder, Ms. Brown "was forced to settle the Contractor Case for a fraction of the value of her damages" in 2024. (Pls.' Resp. at 6.) However, Plaintiffs' allegations involve "continuing injuries" from a "discrete wrongful act" that occurred in 2019. *See Buccini v. Carrasco*, No. 21-cv-03031, 2025 U.S. Dist. LEXIS 58698, at *9 (N.D. Ill. Mar. 28, 2025) (stating that "continuing *injuries*, as opposed to continuing *violations*, are those in which a 'discrete wrongful act causes continuing harm'" (emphasis in original) (citation omitted)). "Continuing injuries do not extend the statute of limitations. Once the harmed party is on notice, the claim accrues, and that the injury continues to exist does not extend the deadline to file a complaint." *Id.* (internal citations omitted). Plaintiffs were on notice of their alleged injury in 2019, and an allegation of a continuing injury in 2024 does not extend the statute of limitations.

4

Similarly, Plaintiffs allege that Defendants failed "to withdraw as counsel of record on the Bellwether Judgment collection," which was to be collected "as soon as possible" in 2018. (*Brown II*, 2d Am. Compl. ¶¶ 109(I), 51–54.) Plaintiffs argue that Defendants' alleged wrongdoing continues to cause them injury because it prevents them "from being contacted by Bellwether's account holders." (Pls.' Resp. at 6.) Plaintiffs allege that Defendants cause "ongoing injury to collection efforts." (*Id.* at 13.) Again, these allegations involve "continuing injuries," which "do not extend the statute of limitations." *Buccini*, 2025 U.S. Dist. LEXIS 58698, at *9. Plaintiffs' claim, which is based on events occurring in 2018, is barred by the statute of limitations.

**B.     The Illinois savings statute does not save Plaintiffs' claims.**

Plaintiffs ask this Court to strike the language in their second amended complaint that states they are relying on the relation back doctrine based on the filing date of *Brown I*. (Pls.' Resp. at 14.) However, Plaintiffs proceed to argue that the district court in *Brown I* stated that Plaintiffs "*may* refile without it being time-barred." (*Id.* at 15.) Plaintiffs argue that this "supports the notion that the claims were not definitively time-barred at that point." (*Id.*)

However, Plaintiffs ignore the part of the district court's order that states, "Under Illinois law, a plaintiff may refile a cause of action *within one year* of a federal court dismissing the case for lack of subject-matter jurisdiction or within the remaining period of the statute of limitations, whichever is greater." (*Brown I*, Order at 5, ECF No. 75, emphasis added.) Because the remaining limitation period has expired, *see supra*, Plaintiffs were required to refile their action within one year after the action was dismissed. *Brown I* was dismissed on March 31, 2023, so Plaintiffs had until March 31, 2024, to bring their claims. Plaintiffs filed their complaint on December 20, 2024, almost nine months after the extended limitation period had expired.

## C.     The discovery rule does not save Plaintiffs' claims.

Plaintiffs knew of their alleged injuries when *Brown I* was filed, and Counts 13–20 "are based on facts and claims asserted in [*Brown I*]." (*Brown II*, 2d Am. Compl. ¶ 97.) Plaintiffs, however, argue that they had "some initial awareness of malpractice-based issues" but were unaware of the "extent of the harm" and other details, such as the conspiracy, until October 2023. (Pls.' Resp. at 13.)

The fact that Plaintiffs allegedly learned of additional information regarding an alleged conspiracy with other defendants or discovered the full extent of their injuries at a later date does not toll the statute of limitations. A plaintiff does not need "knowledge of a *specific* defendant's negligent conduct or knowledge of the existence of a cause of action." *Stark v. Johnson & Johnson*, 10 F.4th 823, 828–29 (7th Cir. 2021) (emphasis in original) (citation omitted). A plaintiff who discovers *any* injury cannot benefit from the discovery rule even if the plaintiff "failed to discover the *full extent* of her injuries before the statute of limitations expired." *Hollander v. Brown*, 457 F.3d 688, 693 (7th Cir. 2006) (emphasis added).

At the very latest, Plaintiffs were on notice in October 2019 that their alleged injury may have been wrongfully caused. This is the date when Plaintiffs knew that the Merit Contracts were allegedly "in default." (*Brown II*, 2d Am. Compl. ¶ 103.) Plaintiffs were "duty-bound at that time to make inquiry to determine whether a cause of action existed." *Ericson v. Conagra Foods, Inc.*, 559 F. Supp. 3d 705, 713 (N.D. Ill. 2021) (citation omitted). Whatever *additional* information Plaintiffs allegedly discovery in October 2023 did not absolve them of their duty to inquire into the existence of other causes of action when they first learned of their alleged injuries in 2018 and 2019. The additional information discovered in October 2023 did not toll or extend the statute of limitations.

6

Moreover, Plaintiffs cannot toll the statute of limitations based on a "bare allegation of fraudulent concealment." *Muskegan*, 986 F.3d at 697 (citation omitted). "A plaintiff must plead with Rule 9(b) particularity the specific conduct of the defendant that entitles the plaintiff to toll the limitations period for fraudulent concealment." *Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 900 (N.D. Ill. 2009). Plaintiffs have not pleaded fraudulent concealment with Rule 9(b) particularity. (*Brown II*, 2d Am. Compl. ¶¶ 106, 115, 122.) They allege, in a conclusory manner, that "the named Defendants" concealed "material facts." (*Id.*) They do not allege facts showing that they acted with due diligence to discover those facts, nor do they allege *any facts at all* that would even come close to satisfying Rule 9(b)'s pleading requirements. (*Id.*)

For all these reasons, Counts 13–20 are barred by the statute of limitations, and these counts should be dismissed with prejudice.

### III. Plaintiffs Fail to State a Claim for Breach of Contract (Count 13) Because the Claim Is Based on the Same Set of Facts as the Legal Malpractice Claim.

Plaintiffs argue that "a breach of contract claim can stand independently if it alleges a breach of specific contractual promises beyond the duty of care." (Pls.' Resp. at 4.) Plaintiffs further argue that the second amended complaint alleges "distinct contractual obligations the breach of which gave rise to a separate cause of action from a general failure to exercise reasonable professional care." (*Id.*)

However, the allegations in Plaintiffs' second amended complaint contradict their argument that the complaint alleges "distinct contractual obligations." (*Id.*) Plaintiffs' breach of contract claim (Count 13) and legal malpractice claim (Count 14) allege that Defendant Merit Law is liable for providing legal services below the standard of care, ceasing collection efforts on the Bellwether Judgment, dismissing the Contractor Case, and withholding documentation. (*Compare* 2d Am.

7

Compl. ¶ 102(A)–(D) *with* ¶ 109(A), (F), (M), (T).) The contact claim does not allege distinct contractual obligations.

Because Plaintiffs do not allege any additional facts to support their breach of contract claim that are not alleged in their legal malpractice claim, Plaintiff's contract claim must be dismissed. *See Majumdar v. Lurie*, 653 N.E.2d 915, 921 (Ill. App. Ct. 1995) (stating that where "the same operative facts support actions for legal malpractice and breach of fiduciary resulting in the same injury to the client, the actions are identical and the later should be dismissed as duplicative").

## IV.     Plaintiffs Fail to State a Claim for Tortious Interference (Count 15).

Plaintiffs allege that "the named Defendants" interfered to "induce Defendant Merit Law to breach the Merit Contracts" with the goal "to prevent Ms. Brown from recovering damages," which caused Defendant Merit Law to breach the Merit Contracts. (*Brown II*, 2d Am. Compl. ¶ 117.) These conclusory allegations, that simply recite some of the elements of the claim, are woefully inadequate to state a claim for tortious interference. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

In their response, Plaintiffs argue that the "detailed narrative of the overall scheme lends plausibility to the assertion that Defendants Kingsley and Gartner intentionally interfered with the Merit Contracts without justification and links their actions to Brown's alleged economic harms." (Pls.' Resp. at 7.) However, no such "detailed narrative" exists, whether in the second amended complaint or Plaintiffs' response.

In their response, Plaintiffs continue to make overly generalized statements, such as that Defendants "coordinated 'agreed' dismissal with no executed agreement and no client authority; leveraged attorney-of-record status to impede collections," which caused "diminished 2024 settlement for Contractor Case and impaired Bellwether Judgment collection." (Pls.' Resp. at 7.)

Plaintiffs do not "present a story that holds together" showing that Defendants tortiously interfered with a contract. *See Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1028 (7th Cir. 2024). Plaintiffs do not allege facts that plausibly suggest that Defendants intentionally and unjustifiably induced a breach of a contract, which caused "a subsequent breach by the other contracting party." *See Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 398 (7th Cir. 2003) (setting forth elements for tortious interference with a contract).

Plaintiffs' second amended complaint simply recites some of the elements of the claim, and therefore, Plaintiffs fail to state a claim for tortious interference. *See Brooks*, 578 F.3d at 582 (holding that the plaintiff's allegation failed under *Iqbal* because it was "merely a formulaic recitation of the cause of action and nothing more").

## V. Plaintiffs' Claims Based on Fraudulent Misrepresentations (Counts 16–18) Must Be Dismissed Because Plaintiffs Fail to Meet Rule 9(b)'s Pleading Requirements.

Plaintiffs argue that the "level of detail" provided in the second amended complaint is "sufficient to put Defendants on notice of the claims against them" and that "[t]hese specifics satisfy fraud particularity and Rule 8 plausibility." (Pls.' Resp. at 9.) Plaintiffs' assertions are unfounded. The second amended complaint does not contain detailed allegations and does not describe "the who, what, when, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (citation omitted). In short, Plaintiffs' complaint does not meet Rule 9(b)'s heightened pleading requirements.

In their response, Plaintiffs argue that the complaint alleges that Defendants "[e]ngaged in fraudulent misconduct, fraudulent concealment, false representations," "[w]ithin the context of the Merit Contracts and related events" "[v]ia electronic means, phone communication, mail & court." (Pls.' Resp. at 8.) These conclusory allegations do not even pass muster under Rule 8. "A generic allegation that could be cut and pasted into another . . . case—without knowing what the case is

9

about—is too conclusory to add anything of value." *Slabon v. Sanchez*, No. 15-cv-08965, 2020 U.S. Dist. LEXIS 178001, at \*70–71 (N.D. Ill. Sep. 28, 2020).

Plaintiffs have not alleged facts regarding the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Whitley*, 607 F. Supp. 2d at 893 (citations omitted)). Plaintiffs' Counts 16–18, which are all based on allegations of fraudulent misrepresentations, must be dismissed for failure to meet Rule 9(b)'s heightened pleading requirements.

## VI. Plaintiffs' Standalone Claims Based on Criminal Statutes (Counts 19–20) Must Be Dismissed Because They Are Not Civil Causes of Action.

Plaintiffs concede that Counts 19 and 20 are not independent civil claims. (Pls.' Resp. at 9.) Therefore, this Court should dismiss with prejudice Plaintiff's claims for mail fraud, 18 U.S.C. § 1341 (Count 19), and wire fraud, 18 U.S.C. § 1343 (Count 20).

## VII. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress (Count 22).

Plaintiffs argue that the second amended complaint, "read in its entirety," provides a "clear factual basis" for a claim for intentional infliction of emotional distress. (Pls.' Resp. at 11.) Plaintiffs argue that the complaint details a "prolonged 'campaign of terror'" against Ms. Brown. (*Id.*) Plaintiffs' argument is simply not supported by the allegations in the complaint. The complaint does not describe a "campaign of terror" or conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Sun v. Xu*, 99 F.4th 1007, 1013 (7th Cir. 2024).

Plaintiffs argue that the complaint alleges "physical threats" and a "traumatic Holiday Inn Incident." (Pls.' Resp. at 11.) These allegations do not exist in the complaint. (*See generally Brown II*, 2d Am. Compl.) Plaintiffs have not pleaded any facts showing atrocious conduct. (*Id.*) Plaintiffs

10

have not placed Defendants on notice as to which of their actions were intended to cause Ms. Brown emotional distress. Plaintiffs' IIED claim must be dismissed.

## VIII.  Plaintiffs' Vicarious Liability Claim (Count 23) Must Be Dismissed.

Plaintiffs' second amended complaint does not establish any viable underlying claims against Defendants, and Plaintiffs' response fails to rebut the arguments in Defendants' motion to dismiss. Because vicarious liability is a theory of recovery that depends on a viable underlying claim, *see Turner v. M.B. Fin. Bank*, No. 14-cv-9880, 2017 WL 4390367, 2017 U.S. Dist. LEXIS 163352, at *19 (N.D. Ill. Oct. 3, 2017), and because no underlying claims survive Defendants' motion to dismiss, Plaintiffs' claim for vicarious liability must also be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants, SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP, and MERIT LAW GROUP, respectfully request that this Honorable Court grant their motion to dismiss Plaintiffs' second amended complaint, and for all other relief this Court deems just.

Respectfully Submitted,

SCOTT GARTNER, ADAM KINGSLEY, KINGSLEY LAW GROUP, and MERIT LAW GROUP

Dated: October 3, 2025                         By: /s/ *Samuel D. Branum*
                                                          One of their attorneys

Joseph R. Marconi ARDC #1760173
Samuel D. Branum ARDC #6326622
JOHNSON & BELL, LTD.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
marconij@jbltd.com
branums@jbltd.com
Tel: 312-372-0770

*Attorneys for Scott Gartner, Adam
Kingsley, Kingsley Law Group,
and Merit Law Group*