**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BW Trust, et al | Honorable Judge |
| Plaintiffs | Jorge L. Alonso |
| | presiding; |
| vs. | |
| | Case: 1:24-cv-13132 |
| Scott Gartner, et al | |
| Defendants | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MICHELLE MONTGOMERY'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Plaintiffs, Kimberly Jean Brown ("Brown") individually, and derivatively on behalf of Legacy Complete ("Legacy"), respectfully submits this Response in Opposition to Defendant Michelle Montgomery's Motion to Dismiss.

## I. INTRODUCTION

Montgomery's motion rests primarily on preclusion and duplicative-litigation theories, and, secondarily, on merits challenges to overlapping tort counts (tortious interference, conspiracy, and vicarious liability). The motion should be denied.

Under controlling preclusion principles and Illinois' transactional test, Plaintiffs' claims against Montgomery herein arise from distinct transactions, include later and newly discovered

1

conduct, target different contracts and expectancies, and involve different roles and capacities than the earlier 20-cv-04893 action.  Further, even where legal labels overlap, the elements and proof are transaction-specific and not barred. Finally, the vicarious-liability and conspiracy counts turn on fact-bound issues inappropriate for dismissal at the pleadings stage.

Second, the complaint meets *Twombly/Iqbal*: it pleads specific who/what/when/where/how facts tying Montgomery to (i) the post-2016 software conveyance and concealment; (ii) coordinated communications and acts to obstruct Legacy's release/recovery; and (iii) continuing statements/acts harming Brown's business and property. Any perceived gaps can be cured by targeted amendment under *Foman v. Davis;* relation back and party addition are available as needed under *Krupski*.

## II. BACKGROUND AND PROCEDURAL POSTURE

In August 2020, Brown filed an action in which Montgomery was a defendant, 20-cv-4893 ("2020 Montgomery Case").  That complaint was focused on interference with Brown's employment at Legacy and defamation.  When Brown filed that action, Brown was not aware of the 2017 conversion/conveyance of Legacy software and could not have pleaded it at that time.

Brown first uncovered indicia of the alleged conveyance in late 2023.  The matter before the Court addresses that discovery.  Plaintiffs allege a 2017 unauthorized conveyance of Legacy's software to a third party, later exploitation (e.g., TrustandWill.com), and concealment. In addition, Plaintiffs assert claims tied to the Kohmedia and Merit Contracts and other related RICO activities.

This complaint alleges that Montgomery was among the core individuals forming, and acting through, an enterprise to deprive Plaintiffs of its assets and continuing to commit acts into the present. In this matter, Montgomery is implicated in torts and contract actions, fraud, conspiracy, and RICO-related allegations. There is no overlap between the claims in this matter and the claims in the 2020 Montgomery Case. Ex. A.

## III. LEGAL STANDARDS

A. Claim preclusion requires identity of parties/privity, a final judgment on the merits, and identity of cause of action measured by Illinois' transactional test—claims arise from the same cause only if they share a single group of operative facts. See *River Park, Inc. v. City of Highland Park; People ex rel. Burris v. Progressive Land Developers, Inc.*

- Claim-splitting within the same transaction is barred, but the predicate is one operative nucleus; voluntary dismissals do not permit serial litigation of the same transaction. See *Hudson v. City of Chicago; Rein v. David A. Noyes & Co.*

- Later/new conduct and newly discovered material facts break preclusion. See *Lawlor v. National Screen Service Corp.; Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.; Herrmann v. Cencom Cable Associates, Inc.; Highway J Citizens Group v. U.S. Dep't of Transp.*

## IV. ARGUMENT

### A. Preclusion and duplicative-litigation arguments fail under the transactional test and later-conduct rule.

The motion's preclusion and duplicative-litigation arguments fail because this action asserts different claims arising from distinct transactions, including newly discovered material facts, and seeks relief against different parties and capacities than the prior case:

*Different transactions.* Under *River Park*, causes of action are identical only when arising from a single group of operative facts. The present claims against Montgomery center on:

(a) interference and related misconduct tied to the Kohmedia contract and Legacy's App (Counts 8–12);

(b) interference with the Merit Contracts and conduct impacting the Contractor Case settlement and Bellwether Judgment collection (Counts 15–20); and

(c) a RICO enterprise/conspiracy (Count 21).

By contrast, 20-cv-04893 focused on alleged interference with Ms. Brown's Legacy employment agreement, defamation, false light, and related common-law conspiracy—different contracts, expectancies, and actors. The transactions, obligations, and temporal frames differ; thus, preclusion does not attach. See *River Park; Hudson; Rein.*

*Later and newly discovered conduct.* Even where parties overlap, a subsequent suit predicated on post-judgment acts or newly discovered material facts is not barred. *Lawlor* squarely governs: post-judgment conduct and new violations defeat preclusion; so do different time periods and material facts per *Lucky Brand*; see also *Herrmann* and *Highway J*. Moreover, the claims allege that the defendants took extraordinary steps to conceal the discovery of the

4

conveyance of Legacy's assets which steps prevented Plaintiff from discovering the material facts until 2023. That forecloses dismissal under res judicata or duplicative-litigation principles. See also *Carr v. Tillery* (duplicative doctrine applies to truly duplicative pending actions; later, different conduct is not duplicative).

*Governing preclusion law.* To the extent Defendants invoke a prior federal judgment, *Semtek* directs application of forum-state preclusion law absent federal interests to the contrary— here, Illinois' transactional test *(River Park)*. And 28 U.S.C. § 1738 requires full faith and credit to state judgments under the same standards.

**B. Nonparty preclusion is inapplicable; party/capacity differences and Taylor's limits bar dismissal.**

Defendants overreach by seeking to bind parties/claims not within the narrow categories of nonparty preclusion. *Taylor* limits nonparty preclusion to six recognized grounds (agreement, substantive legal relationship, adequate representation, control, proxy, special statutory scheme). The motion identifies none that fit Plaintiffs' posture here. To the contrary, the present case introduces distinct actors, capacities, enterprises, and transactions, placing this dispute outside *Taylor's* limited exceptions.

**C. Overlapping tort labels do not merge distinct causes requiring transaction-specific proof.**

*Tortious interference with contract/prospective advantage.* The interference counts at issue in this complaint are Count 8 re: Kohmedia, Count 9 re: App expectancy; and, Count 15 re:

Merit Contracts. These counts are fundamentally different in subject matter, timing, and actors than the Legacy employment-agreement tortious interference claim in 20-cv-04893. They therefore cannot be dismissed as "the same claim" merely because the tort label matches. Nor can any conditional privilege associated with Montgomery's role be adjudicated on the pleadings where Plaintiffs allege conduct outside any legitimate justification.

*Civil conspiracy.* Conspiracy is derivative and turns on the underlying tort(s). *McClure v. Owens Corning Fiberglas Corp.* (agreement plus unlawful act; parallel conduct insufficient); *Adcock v. Brakegate, Ltd.* (all members liable for acts in furtherance). Here, the underlying torts include trade-secret, computer, mail/wire, and other predicate acts were not litigated in 20-cv-04893. The agreement alleged and the wrongful acts differ; dismissal on preclusion grounds is improper.

*Vicarious liability/respondeat superior.* Employer liability depends on scope-of-employment—a fact-intensive inquiry. *Bagent v. Blessing Care Corp.* At this stage, Plaintiffs plausibly allege Montgomery acted within the scope of her partnership/agency with the Montgomery Firm (Count 23); whether conduct was actuated to serve the Firm cannot be resolved on a Rule 12 motion.

**D. The motion's reliance on finality principles does not carry the day.**

Defendants cite finality and broad res judicata principles (see *Federated Department Stores, Inc. v. Moitie*). But Moitie presupposes identity of claim and parties under the applicable preclusion law. Illinois' transactional test and the later-conduct rule (*River Park; Lawlor; Lucky Brand; Herrmann; Highway J*) foreclose preclusion here. Likewise, any issue-preclusion

argument fails for lack of identity of issues actually litigated and decided, and because fairness considerations weigh against estoppel. See *Nowak v. St. Rita High School*.

**E. Compulsory counterclaim/claim-splitting theories do not apply.**

To the extent Defendants invoke Rule 13(a), compulsory counterclaims attach only to claims arising out of the same transaction or occurrence as the earlier pleading. See Fed. R. Civ. P. 13(a). For the reasons above, the present claims—grounded in different contracts, later conduct, and newly discovered material facts—were not compulsory in the earlier matter. See *River Park; Hudson; Rein.*

**F. The Complaint Satisfies Rule 8; Alternatively, Leave to Amend Should Be Freely Granted**

The pleadings provide concrete factual content plausibly linking Montgomery to the 2017 software conveyance/concealment and coordinated acts thereafter. Under *Twombly/Iqbal*, Plaintiffs need not prove, only plausibly allege, with factual context suggesting agreement and acts beyond mere parallel conduct. The complaint does so and, to the extent any count (e.g., conspiracy) benefits from additional particulars, leave to amend is appropriate under *Foman*.

*Conspiracy/enterprise:* Illinois civil conspiracy requires agreement plus tortious acts in furtherance, with liability extending to all conspirators. *Adcock v. Brakegate*. Counts allege coordinated actions to misappropriate, conceal, and exploit the software and to obstruct Legacy's recovery—adequate at Rule 8; if any count implicates Rule 9(b), Plaintiffs can supplement particulars consistent with *DiLeo/Pirelli*.

7

*Interference claims:* The complaint identifies protected contracts/expectancies, Montgomery's knowledge, intentional unjustified interference, and resulting damages, satisfying *HPI Health Care* and *Anderson*. The new claims are not "downstream" theory rejected in the 2020 Case; they rest on distinct wrongful acts (misappropriation/concealment/use) and resulting breaches/losses.

## G. Limitations and Tolling

*Discovery rule*: Accrual runs when Plaintiffs knew or should have known of the injury and its wrongful cause (*Knox College; Witherell*). Plaintiffs first uncovered the suspected conveyance in late 2023 despite diligent efforts.

*Fraudulent concealment:* 735 ILCS 5/13-215 tolls where defendants concealed the cause of action; the pleadings allege extraordinary measures obscuring access (domain gating, indirect discovery path, non-responsiveness).

*Trade secret limitations (if applicable):* 765 ILCS 1065/7; the discovery accrual standard supports timeliness given late-2023 discovery.

## V. PLAINTIFFS SEEK TO CONSOLIDATE CLAIMS IN ONE COMPLAINT

Plaintiffs seek to consolidate all claims against Montgomery and James D. Montgomery & Associates LTD within one complaint.   Plaintiffs request that the claims asserted against Montgomery in this matter be transferred to Brown v. ServiceNow (25-cv-5629), if the court in

8

that matter grants leave to transfer the claims.  No undue delay, bad faith, prejudice, or futility applies; consolidation promotes efficiency and avoids duplicative proceedings *(Landis)*.

## VI. CONCLUSION

The Court should deny Montgomery's Rule 12(b)(6) motion.

Additionally, leave should be granted to transfer the claims related to Montgomery in this matter to 25-cv-5629 to consolidate all Montgomery-related claims there.  Alternately, if the Court desires to retain the claims against Montgomery, Plaintiffs request leave to amend the complaint to consolidate all Montgomery-related claims in this complaint.

Dated:  October 20, 2025

Respectfully submitted,

By:  /s/ Kimberly Jean Brown

Kimberly Jean Brown
    Plaintiff, individually, and as assignee of BW
Trust's derivative right to prosecute on behalf
of Legacy
1026 E. 46th St, Unit 2E
Chicago, IL. 60653
(773) 673-0324
Kim@PrivacyGladiators.com

**EXHIBITS**

**Ex. A:** Claim comparison 20-cv-4893 vs 24-cv-13132

**Ex. B:** Declaration of Kimberly Brown

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2025, I caused the foregoing to be filed via CM/ECF, which will send notice to all counsel of record.

/s/ Kimberly Jean Brown

## TABLE OF AUTHORITIES

**Cases**

Adcock v. Brakegate, Ltd. - 164 Ill. 2d 54, 645 N.E.2d 888 (1994)

Ashcroft v. Iqbal - 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly - 550 U.S. 544 (2007)

Avery v. State Farm Mutual Automobile Insurance Co. - 216 Ill. 2d 100, 835 N.E.2d 801 (2005)

Bagent v. Blessing Care Corp. - 224 Ill. 2d 154, 862 N.E.2d 985 (2007)

Bridge v. Phoenix Bond & Indemnity Co. - 553 U.S. 639 (2008)

Carr v. Tillery - 591 F.3d 909 (7th Cir. 2010)

Du Page Forklift Service, Inc. v. Material Handling Services, Inc. - 195 Ill. 2d 71, 744 N.E.2d 845 (2001)

Federated Department Stores, Inc. v. Moitie - 452 U.S. 394 (1981)

Fellhauer v. City of Geneva - 142 Ill. 2d 495, 568 N.E.2d 870 (1991)

H.J. Inc. v. Northwestern Bell Telephone Co. - 492 U.S. 229 (1989)

Henry v. Farmer City State Bank - 808 F.2d 1228 (7th Cir. 1986)

Horwitz v. Holabird & Root - 212 Ill. 2d 1, 816 N.E.2d 272 (2004)

HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc. - 131 Ill. 2d 145, 545 N.E.2d 672 (1989).

Hudson v. City of Chicago - 228 Ill. 2d 462, 889 N.E.2d 210 (2008)

International Airport Centers, L.L.C. v. Citrin - 440 F.3d 418 (7th Cir. 2006)

Kellerman v. MCI Telecommunications Corp. - 112 Ill. 2d 428, 493 N.E.2d 1045 (1986)

Lawlor v. National Screen Service Corp. - 349 U.S. 322 (1955)

Learning Curve Toys, Inc. v. PlayWood Toys, Inc. - 342 F.3d 714 (7th Cir. 2003)

McClure v. Owens Corning Fiberglas Corp. - 188 Ill. 2d 102, 720 N.E.2d 242 (1999)

Nowak v. St. Rita High School - 197 Ill. 2d 381, 757 N.E.2d 471 (2001)

Pyne v. Witmer - 129 Ill. 2d 351, 543 N.E.2d 1304 (1989)

Rein v. David A. Noyes & Co. - 172 Ill. 2d 325, 665 N.E.2d 1199 (1996)

River Park, Inc. v. City of Highland Park - 184 Ill. 2d 290, 703 N.E.2d 883 (1998)

Semtek International Inc. v. Lockheed Martin Corp. - 531 U.S. 497 (2001)

Serlin v. Arthur Andersen & Co. - 3 F.3d 221 (7th Cir. 1993)

Taylor v. Sturgell - 553 U.S. 880 (2008)

Voyles v. Sandia Mortgage Corp. - 196 Ill. 2d 288, 751 N.E.2d 1126 (2001)

**Statutes and Rules**

28 U.S.C. § 1738
18 U.S.C. § 1836 et seq. (Defend Trade Secrets Act)
765 ILCS 1065/1 et seq. (Illinois Trade Secrets Act)

11

18 U.S.C. § 1030 (Computer Fraud and Abuse Act)
18 U.S.C. §§ 1961–1964 (RICO)
815 ILCS 505/1 et seq. (Illinois Consumer Fraud Act)
815 ILCS 510/1 et seq. (Illinois Deceptive Trade Practices Act)
Fed. R. Civ. P. 13(a) (compulsory counterclaims; transactional nexus)
*735 ILCS 5/2-619(a)(4) (affirmative matter; preclusion defenses)*