**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-13132 |
| | ) |
| SCOTT GARTNER, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MICHELLE MONTGOMERY'S REPLY IN FURTHER SUPPORT
OF HER MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6)**

Montgomery,[1] through her counsel of record, Kaplan & Gournis, P.C., for her reply in further support of her Motion,[2] states as follows:

**ARGUMENT**

**I.      Plaintiff's Response Brief is a Mess**

Plaintiff, an Illinois-licensed attorney, needs to be reminded that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Plaintiff has made a mess of her response brief as she does not cite case law and provide citations within the text of her brief. Rather, Plaintiff has provided a table of authorities that does not really assist the reader in analyzing her response efficiently. Even more, Plaintiff vaguely cites the cases of:

- *DiLeo*

- *Pirelli*

---

[1] Unless otherwise indicated, the defined terms from Montgomery's motion are used in this reply without re-defining them again in this reply brief.

[2] Plaintiff asks for the court to consolidate this matter with another pending case in her response. Plaintiff's request should be memorialized in a separate motion where the parties and the court can address the issue, not thrown into her response to Defendant's Motion.

- *Anderson*

- *Knox College*

- *Witherell*

- *Landis*

- *People ex rel. Burris v. Progressive Land Developers, Inc.*

- *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*

- *Herrmann v. Cencom Cable Associates, Inc.*

- *Highway J Citizens Group v. U.S. Dep't of Transp.*

However, Plaintiff does not provide any citations, pin cites, or even complete case names for the most part for these cases. This court and Montgomery's counsel should not be required to sort through these vague citations to find/guess what Plaintiff is attempting to cite or say in her response.

Plaintiff, an Illinois-licensed attorney, should know better.

The court should dismiss the Complaint with prejudice for the reasons set forth in the Motion and this reply. If the court does not dismiss this matter with prejudice, then Montgomery requests that the court admonish Plaintiff that she is expected to file compliant pleadings with complete case citations in the future.

## II.    Plaintiff's Complaint is Barred by *Res Judicata*

A final judgment rendered on the merits is a bar to a subsequent suit between the parties or their privities involving the same transaction. 735 ILCS 5/2-619(a)(4); *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18; *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

Illinois follows the more liberal transactional test for determining whether claims are identical, and claims are considered part of the same cause of action even if there is not a

2

substantial overlap of evidence, so long as they arise from the same transaction. *River Park*, 184 Ill. 2d at 311; *A&R Janitorial v. Pepper Constr. Co.*, 2018 IL 123220, ¶ 16.

Here, on August 20, 2020, Plaintiff originally filed the 2020 Case, alleging how Montgomery was allegedly involved in tortious interference and a vast alleged conspiracy against Plaintiff to harm Plaintiff and interfere with Plaintiff's estate planning software and her business. Plaintiff amended her complaint twice, with the court ultimately dismissing her second amended complaint with prejudice on January 23, 2025 with the court's final Judgment. As a result, Plaintiff's alleged claims—which she alleges she discovered in October 2023—are barred by the Judgment because she was admitted aware of the alleged facts/circumstances of the alleged evidence relating to Montgomery prior to entry of the Judgment.

Indeed, Plaintiff alleged in the 2020 Case that the Legacy application was not released by Bellwether Creation Company, which is at issue in this case, because of Montgomery's actions. In the 2020 Case, Plaintiff attempted to plead various claims against Montgomery related to her alleged actions to allegedly sabotage Plaintiff and Legacy, including tortious interference claims and an alleged conspiracy.

While the allegations against Montgomery in Plaintiff's multifarious Complaint are difficult to discern, it appears that Plaintiff is attempting to pursue the claims in this matter against Montgomery related to the same issues/transactions/facts at issue in the 2020 Case that were already adjudicated by the Judgment in 2025.

This is something that Plaintiff cannot do. *River Park*, 184 Ill. 2d at 311; *A&R Janitorial*, 2018 IL 123220, ¶ 16. The multitude of inapplicable cases cited by Plaintiffs do not change this certainty. *See, e.g., Lawlor v. Nat'l Screen Service Corp.*, 349 U.S. 322 (1955). Likewise, Plaintiff's cryptic reliance on Rule 13 relating to compulsory counterclaims has no bearing on

this matter because this Motion has nothing to do with a counterclaim.

Plaintiff's claims against Montgomery are barred by *res judicata*, and the court should accordingly dismiss the Complaint with prejudice pursuant to Rule 12(b)(6).

### III. Plaintiff Fails to Plead Plausible Claims Against Montgomery

Plaintiff has grouped Montgomery together with numerous other "Defendants" in counts 2-12, 15-20, and 21-23, alleging wide-ranging and serious allegations. Yet Plaintiff fails to actually plead any facts to show any alleged actions/omissions by Montgomery. Plaintiff's conclusory Complaint is completely conclusory and not plausible. The court should dismiss the Complaint with prejudice.

It is well established that a court should dismiss a complaint for an egregious violation of Rule 8(a) because a court "has better things to do than 'to fish a gold coin from a bucket of mud.'" *Rocha v. FedEx Corp.*, 15 F. Supp. 3d 796, 805-06 (N.D. Ill. 2014); *see Harman v. Gist*, No. 02-6112, 2003 WL 22053591, *3 (N.D. Ill. Sept. 2, 2003).

A court should dismiss a complaint if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

To survive a 12(b)(6) challenge, a complaint must first comply with Rule 8(a) by providing a short and plain statement of the claim showing that the pleader is entitled to relief. *Second Amendment Arms v. City of Chicago*, No. 10-4257, 2012 WL 4464900, *3 (N.D. Ill. Sept. 25, 2012). A complaint should be dismissed as unintelligible where the complaint consists of a narrative that is prolix, digressive, and full of irrelevant details. *Amachree v. Garland*, 2023 WL 3033493, *1 (7th Cir. Apr. 21, 2023); *Mohammed v. Prairie State Legal Services, Inc.*, 2021 WL 4962988, *1 (7th Cir. Oct. 26, 2021); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

4

Plaintiff does not plead a single fact relative to anything that Montgomery allegedly did or did not do to explain why Montgomery has been named as a defendant in this matter.

For all of these reasons, Plaintiff has not pled a plausible claim for any recognized claim/cause of action against Montgomery. This is Plaintiff's third unintelligible complaint. It should be her last. The Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Montgomery requests that the court dismiss Plaintiff's Complaint. This was Plaintiff's third bite at the apple. Plaintiff should not get a fourth bite; as a result, Montgomery requests that court dismiss the Complaint with prejudice.

WHEREFORE, Defendant Michelle Montgomery respectfully requests that this Honorable Court dismiss Plaintiff Kimberly Jean Brown's Second Amended Complaint with prejudice and any other such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

MICHELLE MONTGOMERY,

October 30, 2025          /s/  Chris S. Wunder
                         Chris S. Wunder (cwunder@kpglaw.com)
                         Eric D. Kaplan (ekaplan@kpglaw.com)
                         KAPLAN PAPADAKIS & GOURNIS, P.C.
                         One South Wacker Drive
                         Suite 2400
                         Chicago, Illinois 60606
                         Phone: (312) 726-0531

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record / parties by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on the date of filing.

                         /s/  Chris S. Wunder