**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Kimberly Jean Brown, individually, and Brown-Washington Trust, derivatively on behalf of Legacy Complete LLC,** | |
| **Plaintiffs,** | **Case No. 1:24-cv-13132** |
| **v.** | **Judge Jorge L. Alonso** |
| **Scott Gartner, et al.,** | |
| **Defendants.** | |

**DEFENDANTS JOHN KOHT'S AND KOHMEDIA LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' Opposition to Defendants John Koht's and Kohmedia LLC's Motion to

Dismiss (ECF No. 85) (the "Response") fails to identify any legitimate reason the claims against

the Kohmedia Defendants should survive. Instead of citing the Complaint or offering any

argument grounded in legal precedent, Plaintiffs rely on an unsupported declaration and new

assertions that cannot be considered on a Rule 12(b)(6) motion. Plaintiffs' inability to rebut the

Nevada LLC Act's bar on Legacy Complete's claims, the applicable statutes of limitations, or

the Complaint's numerous pleading defects confirms that the claims against the Kohmedia

Defendants must be dismissed.

**I.        The Declaration Does Not Save Legacy Complete's Claims From Dismissal**

Plaintiffs concede that Legacy Complete was dissolved in 2017 but argue that its claims

in Counts 1-12, 21, and 23 should survive dismissal because Legacy Complete purportedly

assigned them to a "de facto Illinois partnership" in 2018. (Resp., p.2.) In support of this

argument, Plaintiffs rely exclusively on a declaration attached to their Response—not on any

allegations in the Complaint. (*See* "Declaration of Kimberly Brown in Support of Plaintiffs'

Opposition to Defendants Koht's and Kohmedia LLC's Motion to Dismiss," ECF No. 85-1.)

Brown's self-serving declaration cannot save Legacy Complete's claims from dismissal.

*See*, *e.g.*, *Reiter v. Sears Roebuck & Co.*, No. 94 C 50202, 1996 U.S. Dist. LEXIS 11724, at *3

n.2 (N.D. Ill. Aug. 13, 1996) (disregarding affidavits and factual assertions contained in

plaintiff's response to motion to dismiss that were not contained in the underlying complaint);

*Clark v. Blue Diamond Growers*, No. 22-cv-1591, 2023 U.S. Dist. LEXIS 114883, at *6 (N.D.

Ill. July 5, 2023) (same). Plaintiffs' arguments that rely on allegations made outside the four

corners of the Complaint should be disregarded. *See*, *e.g. Bruno v. Global Experience*

*Specialists, Inc.*, No. 19-cv-06710, 2020 U.S. Dist. LEXIS 161374, at *6 (N.D. Ill. Sep. 3, 2020)

("It is well established that courts generally only look to matters within the four corners of the

complaint in deciding a motion to dismiss") (*citing Burke v. 401 N. Wabash Venture, LLC*, 714

F.3d 501, 505 (7th Cir. 2013)).

Plaintiffs also fail to cite any authority permitting a limited liability company to assign

claims *after* its dissolution. Nevada law is clear: any claim belonging to a Nevada LLC must be

brought no later than three years after dissolution, and "any such remedy or cause of action not

commenced within the applicable period is barred." *See* Nev. Rev. Stat. § 86.505(1). Legacy

Complete's claims lapsed in 2020 at the latest, and Plaintiffs offer nothing to revive them.

## II.     **Plaintiffs' Factual Allegations Foreclose Tolling The Statutes Of Limitations**

Plaintiffs offer no substantive response to the Kohmedia Defendants' showing that the

statutes of limitations governing Counts 2-10 and 21-22 began running in 2015, when Plaintiffs

allege they discovered the "clone App," the alleged defects, and the purported breach. (*See*

Compl. ¶¶35, 41.) Plaintiffs' allegations foreclose any tolling and confirm that these counts are

time-barred. In support of this argument, the Kohmedia Defendants hereby join, adopt, and incorporate by reference Section II(C) of the Reply in Support of Motion to Dismiss filed by Defendants Scott Gartner, Adam Kingsley, Kingsley Law Group, and Merit Law Group (ECF No. 79) (the "Gartner Reply").

### III.   Plaintiffs' Remaining Arguments Are Similarly Unavailing

The remaining arguments contained in Plaintiffs' Response cannot save any of their claims against the Kohmedia Defendants.

In Section C of the Response, Brown argues that she has standing to pursue Counts 2-12, 21, and 23 because she suffered out-of-pocket expenses and "lost time." (*See* Resp., p.7.) These alleged injuries appear nowhere in the Complaint and even if they were fairly traceable to the Kohmedia Defendants' conduct, they cannot be used to avoid dismissal. Brown also argues that she suffered "emotional distress," yet that purported injury is not alleged in these counts.

In Section D of the Response, Plaintiffs argue that they plead fraud with the specificity required under Rule 9(b) to sustain Counts 2-4. (*See* Resp., p.7.) However, they cite no portion of the Complaint identifying who made any allegedly fraudulent statements, when or where such statements were made, or how they were communicated. The Kohmedia Defendants join, adopt, and incorporate by reference Section V of the Gartner Reply in support of this point.

In Section E of the Response, Plaintiffs argue that they plead sufficient facts in Count 5 to identify trade secrets, including "source code, architecture, configurations, workflows, and related business plans." (*See* Resp., p.8.) None of these allegations appear in the Complaint.

In Section F of the Response, Plaintiffs argue that they plead an injury sufficient to state a claim under the CFAA in Count 10 because they allege a "'loss' exceeding $5,000…for mitigation, response, and restoration." (*See* Resp., pp.8-9.) However, in the Complaint Plaintiffs

specifically allege that the $5,000 figure represents "[t]he value of the data obtained"—not costs of mitigation, response, or restoration as they now claim. (Compl., ¶91(d).)

In Section G of the Response, Plaintiffs argue that they allege sufficient facts to state a RICO claim in Count 21. (*See* Resp., pp.9-10.) Yet again, Plaintiffs fail to cite any portions of the Complaint containing such allegations. In support of this argument, the Kohmedia Defendants hereby join, adopt, and incorporate by reference Section I of the Gartner Reply.

In Section H of the Response, Plaintiffs argue that they "plausibly allege[] tortious interference" in Counts 8 and 9. (*See* Resp., p.10.) However, Plaintiffs fail to rebut the blackletter law that the Kohmedia Defendants cannot interfere with Kohmedia's contract.

Sections I-K do not respond to any arguments made in the Motion to Dismiss.

In Section L, Plaintiffs argue that Koht is personally liable for Kohmedia's actions because "corporate status does not shield one's own torts." (*See* Resp., p.12.) However, Plaintiffs cite no relevant authority to support this argument. The cases they name (without citation) concern veil-piercing and do not support Plaintiffs' theory. *See Westmeyer v. Flynn*, 382 Ill. App. 3d 952, 889 N.E.2d 671 (1st Dist. 2008); *People ex rel. Scott v. Pintozzi*, 50 Ill. 2d 115, 277 N.E.2d 844 (1971).

Finally, Plaintiffs do not even attempt to rebut the following dispositive arguments: there is no private right of action for the purported statutory violations alleged in Counts 6, 7, 11, or 12; Plaintiffs fail to state a claim for intentional infliction of emotional distress (Count 22); vicarious liability is not a standalone claim (Count 23); and the entire Complaint violates Rule 8.

**CONCLUSION**

Plaintiffs provide no basis to deny dismissal. This Court should dismiss Counts 1-12 and 21-23 with prejudice.

Respectfully submitted,

/s/ Míle Knabe
Attorney for John Koht and
Kohmedia LLC

Michael J. Boxerman  mboxerman@marcusboxerman.com
Míle Knabe mknabe@marcusboxerman.com
MARCUS & BOXERMAN
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(312) 216-2720

COUNSEL FOR JOHN KOHT AND KOHMEDIA LLC