**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. 24-cv-13132 | |
| | ) | |
| SCOTT GARTNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO MOTION TO TRANSFER CLAIMS**

Defendant Michelle Montgomery ("Montgomery"), through her counsel of record, Kaplan & Gournis, P.C., for her response to Plaintiffs Kimberly Jean Brown ("Brown") and Brown-Washington Trust's (collectively "Plaintiffs") motion to transfer claims, states as follows:

**INTRODUCTION**

Brown, an Illinois-licensed attorney, has turned every one of her various conspiratorial cases into procedural quagmires. Brown then compounds her problems by trying to extricate herself from her own self-inflicted messes in her cases.

In the prior litigation between Montgomery and Brown, *Brown v. Montgomery, et al.,* No. 20-cv-4893 (the "First Case"), Brown filed three complaints in 2020-2022, alleging each time that she was a citizen of North Carolina and that the court therefore had diversity jurisdiction over her claims against Montgomery. On March 22, 2024, the court granted Montgomery's motion to dismiss and entered a judgment against Brown in the First Case. Only after the judgment was entered in the four-year-old case did Brown then inform the court that she was not actually a citizen of North Carolina in 2020 and that the court thus lacked jurisdiction to enter the judgment against her. Subsequently, after Brown refused to engage in jurisdictional

discovery on her convenient argument related to her Illinois residency, the court entered another final judgment against her as a sanction on January 23, 2025. Brown is currently attempting to appeal the first judgment and second judgment.

Brown's actions in the First Case were a case study in wasting judicial resources. Plaintiffs have now filed the instant motion, arguing that they wants to preserve judicial resources by having the court transfer Plaintiffs' claims against Montgomery in this case (the "Second Case") to *Brown v. ServiceNow, et al.,* No. 25-cv-5629, currently pending before the Honorable Judge Franklin U. Valderrama (the "Third Case").

In their motion, Plaintiffs pepper the court with nonsensical and incomplete cites that have nothing to do with the request to transfer the claims. Brown has created another mess with her parallel proceedings in the Second Case and Third Case. The court should deny Plaintiffs' motion, and then grant Montgomery's fully briefed motion to dismiss this case.

## ARGUMENT

### I.    The Court Should not Consolidate the Claims Against Montgomery

Plaintiffs first argue that Federal Rule 42(a) supports the transfer of their claims from this case to the Third Case. Federal Rule 42 is a rule regarding consolidation that allows a court to consolidate related actions for purposes of discovery and/or trial. Plaintiffs are not attempting to consolidate the Second Case and Third Case. This Rule has nothing to do with what Plaintiffs are attempting to accomplish with their motion because Rule 42 does not direct a court to transfer discrete claims against one defendant (of many) from one case to another case directed at some defendants where a plaintiff has already pled claims against that particular defendant. The cases cited by Plaintiffs relating to the appealability/finality of consolidated cases have nothing to do with the relief sought in Plaintiffs' motion. As a result, Rule 42 does not support

2

the transfer of the claims against Montgomery from the Second Case to the Third Case.

## II.    The Court Should not Reassign the Claims Against Montgomery

Plaintiffs argue that Local Rule 40.4 supports the transfer of the claims against Montgomery from the Second Case to the Third Case.  The purpose of Local Rule 40.4 is to reassign cases based on relatedness, with the product of the reassignment being that the same judge hears the two cases side-by-side.  Plaintiffs are not attempting to reassign the Second Case to the Third Case.  Rather, Plaintiffs are asking the court to excise the discrete claims against Montgomery from this Second Case and transfer them to the Third Case.  This is not something that can be accomplished under Local Rule 40.4.  In any event, Plaintiffs' motion also fails because Plaintiffs' does not provide the information/pleadings required by part (c) of Local Rule 40.4.  For these reasons, Local Rule 40.4 does not support Plaintiffs' request to reassign the claims against Montgomery to the Third Case.

## III.    The Court Should not Grant a Change of Venue for the Claims

Plaintiffs argue that 28 U.S.C. § 1404(a) supports an "intra-district assignment/transfer of claims."  Section 1404(a) is premised on a change of venue for convenience of the parties and witnesses from one district/division to another, not for an "intra-district" transfer.  Nevertheless, Plaintiffs fail to establish why it would be more convenient for the witnesses and parties to attend court in Judge Valderrama's courtroom (courtroom 1941) for the Third Case as opposed to Judge Alonso's courtroom  (courtroom 1903) for the Second Case in the same courthouse.

## IV.    The Court Should not Sever the Claims Against Montgomery

Plaintiffs argue that Federal Rule 21 supports severance of the claims against Montgomery for transfer to the Third Case.  However, Plaintiffs have failed to establish any reason to sever the claim, and Plaintiffs have not in any way attempted to establish that

Montgomery was misjoined in the Second Case. Plaintiffs also cite *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000) for the proposition that: Rule 21 permits severance to manage related claims efficiently. Interestingly, while the *Elmore* case does contain a discussion of severance for misjoined claims, nowhere in the decision is there any discussion of: (1) how Rule 21 is used to "manage" any claims; (2) how Rule 21 is used to manage any "related" claims; or (3) how Rule 21 is premised at all on "efficiency." In short, this decision does not stand for the cited proposition. And it is not even close.[1]

At bottom, as set forth in Montgomery's motion to dismiss, the problem with Plaintiffs' reliance on Rule 21 is that it is not even clear what the court would be severing at all, let alone based on any alleged misjoinder in this case. Indeed, in this Second Case, the only specific factual allegation in the Complaint related to Montgomery is Plaintiffs' allegation that:

> 12) Defendant Michelle Montgomery ("Defendant Montgomery") is an individual and a citizen of Illinois. Defendant Montgomery is a partner at Defendant Montgomery Firm. Plaintiffs believe Defendant Montgomery's home address is either 6901 S. Oglesby Ave., #3B, Chicago, IL 60649; or, 2315 S. Kolin Ave, Chicago, IL 60623.

(SAC, ¶ 12.) Plaintiffs then make sweeping allegations related to Montgomery's involvement in various alleged conspiracies with co-defendants in this Second Case. It is not clear why, after pleading Montgomery's alleged involvement with the co-defendants in this case, severing the claims against Montgomery makes any sense at all. For all of these reasons, Plaintiffs have failed to establish that severance of the claims against Montgomery pursuant to Rule 21 is appropriate.

---

[1] This is not an isolated incident with Plaintiffs' response as most of Plaintiffs' citations are not correct and/or do not contain the cited propositions of law. Plaintiffs would be wise to read up on how courts react to AI Hallucinations in legal briefs. *See, e.g., Nextpulse, LLC v. Life Fitness, LLC*, No. 22-3239 2025 WL 2453720, *3 (N.D. Ill. Mar. 7, 2025)

**V.      The Court Should not Stay its Decision on Montgomery's Motion to Dismiss**

Based on *Landis v. North America*, 299 U.S. 248 (1936), Plaintiffs urge the court to delay its decision on Montgomery's fully briefed motion to dismiss until Judge Valderrama "addresses acceptance of the transferred claims." *Landis* has nothing to do with Plaintiffs' position in this motion. Plaintiffs' argument moreover presupposes that this court grants the motion to transfer. However, Plaintiffs have not pointed to any reason for the court to transfer the claims. As a result, Plaintiffs have not given the court any reason to stay a decision on the motion to dismiss.

**VI.      The Court Should not Stay/Transfer This Case as Duplicative**

Plaintiffs ask the court to stay/transfer this case to avoid duplicative litigation and inconsistent adjudications. Plaintiffs cite *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, (7th Cir. 1993) in support of this argument for the proposition that: courts may stay or otherwise manage duplicative suits to conserve resources and avoid inconstant judgments. *Serlin*, which involved the dismissal of a completely duplicative case, is not at all analogous to this matter. However, Plaintiffs' citation to this citation is noteworthy as evidence, yet again, of Plaintiffs' citation to case law for propositions that are not in the case. The *Serlin* case has nothing to do with: (1) staying a case; (2) transferring a case; (3) "managing" duplicative suits; or (4) avoiding inconsistent judgments. The court should not stay/transfer this Second Case as duplicative as Plaintiffs request.

**VII.      The Court Should not Concern Itself With Amendment/Relation-Back Issues**

Plaintiffs indicate that they have contemporaneously moved in the Third Case to amend their claims against Montgomery. Plaintiffs have not filed a motion to amend in the Third Case. In any event, it is not clear why a motion to amend in the Third Case matters to this court at all as this court only has the instant motion to decide. Any motion for leave to amend in the Third

Case will be heard by Judge Valderrama.

## **CONCLUSION**

For the foregoing reasons, Montgomery requests that the court deny Plaintiffs' motion to transfer the claims against her. Instead, Montgomery requests for the court to issue a decision on her motion to dismiss.

WHEREFORE, Defendant Michelle Montgomery respectfully requests that this Honorable Court deny Plaintiff Kimberly Jean Brown's motion to transfer, and any other such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

MICHELLE MONTGOMERY,

December 2, 2025        /s/ Chris S. Wunder
Chris S. Wunder (cwunder@kpglaw.com)
KAPLAN & GOURNIS, P.C.
One South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Phone: (312) 726-0531

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record / parties by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on the date of filing.

/s/ Chris S. Wunder

6