**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

BW Trust, et al                                    Case No. 1:24-cv-13132

       Plaintiffs

v.                                           Honorable Jorge L. Alonso

Scott Gartner, et al

       Defendants

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER CLAIMS**

NOW Comes Kimberly Jean Brown, individually and as an assignee of BW Trust, Plaintiffs in the above-referenced case, respectfully submitting this reply in further support of their motion to transfer the claims asserted against Defendants Michelle Montgomery and James D. Montgomery and Associates Ltd ("Montgomery"), from BW Trust v. Gartner, No. 1:24-cv-13132 ("13132"), to Brown v. ServiceNow, Inc., No. 1:25-cv-05629 (" 5629"), and to stay adjudication of Montgomery's Rule 12(b)(6) motion in 13132 pending the 5629 court's decision on acceptance of the transferred claims.

Montgomery's opposition conflates merits defenses (principally res judicata) with the discrete, case-management question before this Court. Transfer with a short stay will conserve judicial resources, prevent inconsistent rulings on overlapping matters, and allow coordinated pleading streamlining in the forum already hosting Montgomery. See 28 U.S.C. § 1404(a); Fed. R. Civ. P. 42(a); Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.; In re National Presto Industries, Inc.; Coffey v. Van Dorn Iron Works; Landis v. North American Co..

### I. TRANSFER AND A TARGETED STAY ARE WARRANTED

**A.  Rule 42(a) and related-case coordination.** Both 13132 and 5629 involve Montgomery and overlapping factual nuclei concerning alleged conveyance, concealment, and exploitation of Legacy's software and related theories. Coordination under Rule 42(a) will avoid duplicative briefing and discovery and reduce the risk of inconsistent rulings.

**B.  28 U.S.C. § 1404(a) interests of justice predominate**. Where the same defendant and overlapping facts are proceeding in parallel dockets in the same district, the § 1404(a) "interest of justice" considerations—judicial economy, consistency, and efficient case administration—favor one forum. The Seventh Circuit emphasizes that the order of filing is not dispositive; courts weigh convenience and interests of justice pragmatically. See Research Automation (first-to-file is not controlling; transfer turns on convenience and justice factors); In re National Presto (identify practical convenience, subpoena power, docket considerations); Coffey (movant must show transferee forum is clearly more convenient; court balances convenience and justice). Here, Montgomery is already a served party in 5629, the number of defendants in 5629 has been significantly reduced to fewer than 10, and Plaintiffs intend a focused amendment to the 5629 complaint. Centralizing Montgomery-related issues in 5629 is clearly more efficient and imposes no prejudice.

**C.  A short Landis stay prevents conflicting rulings.** Plaintiffs request a brief, conditioned stay of Montgomery's pending Rule 12(b)(6) motion in 13132 while the 5629 court determines whether to accept the transferred claims. A moderate stay avoids inconsistent

preclusion and Rule 8 rulings on materially overlapping allegations and is squarely within the Court's inherent authority. See Landis.

## II. MONTGOMERY'S MERITS ARGUMENTS DO NOT DEFEAT TRANSFER

**A. Preclusion Is not outcome-determinative for transfer.** The sole question here is forum and coordination—not whether any claim ultimately survives Rule 12(b)(6). Consolidation of Montgomery-related issues in a single action advances judicial economy regardless of how res judicata is resolved.

**B. Later conduct and later-discovered facts defeat claim preclusion.** Even if the Court reaches res judicata in the transfer context, Illinois' transactional test does not bar claims predicated on post-judgment acts or on material facts uncovered later despite diligence. Plaintiffs allege a 2017 conveyance with subsequent exploitation and concealment uncovered in late 2023. Under Lawlor v. National Screen Service Corp., a prior judgment does not extinguish claims based on subsequent conduct. Moreover, under River Park, Inc. v. City of Highland Park, Illinois applies the transactional test but recognizes that later conduct constitutes a new claim. Montgomery's opposition attempts to sweep distinct contracts, expectancies, actors, and time frames into a single "transaction," which the cited authorities do not permit.

**C. Montgomery's own opposition underscores non-identity of claims.** In opposing transfer, Montgomery catalogues numerous disparate subjects Plaintiffs asserted in their complaint. The list Montgomery included in her response confirms the absence of a single operative nucleus; contradicting Montgomery's Rule 12(b)(6) preclusion theory. More

importantly here, Montgomery's list illustrates why centralizing the overlapping portions in 5629 is the most efficient course.

**D. The first-to-file notion is inapposite.** To the extent Montgomery gestures at sequence-of-filing or docket-control concerns, Seventh Circuit law makes clear that filing sequence is only one, non-dispositive factor. The court should focus on the practical conveniences and interest-of-justice factors that plainly favor adjudication in 5629. See Research Automation.

## III. EFFICIENCY AND PREJUDICE CONSIDERATIONS FAVOR 5629

A. Montgomery is already litigating in 5629; transfer imposes no added burden and eliminates duplicate briefing and discovery disputes.

B.  Moreover, Plaintiffs significantly reduced the number of Defendants in 5629 to less than ten, which number includes Montgomery.  Plaintiffs intend to file a targeted amendment (post-rulings on pending motions) to streamline claims in 5629's complaint.

C.  Consolidation will permit uniform rulings on overlapping Rule 12(b)(6) issues and any threshold defenses, and coordinated discovery on the software conveyance, alleged concealment, and related communications.

## IV. RELIEF REQUESTED

For these reasons, Plaintiffs respectfully request that the Court:

1.  Grant Plaintiffs' motion to transfer all claims asserted against Montgomery from 1:24-cv-13132 to  1:25-cv-05629, and direct them to proceed in 5629, pursuant to Fed. R. Civ. P.

42(a), Fe 28 U.S.C. § 1404(a), and consistent with Research Automation; In re National Presto; and Coffey.

2.  Stay ruling on Montgomery's pending Rule 12(b)(6) motion in 13132 pending the 5629 court's decision on acceptance of the transferred claims, without prejudice to renew if transfer is denied, in accordance with Landis.

3.  Grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown
Individually and as an assignee of
    BW Trust, Plaintiffs
1026 E. 46th ST, Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com
Dated: December 11, 2025

**LIST OF CASES**

- Coffey v. Van Dorn Iron Works, 796 F.2d 217 (7th Cir. 1986). [Coffey v. Van Dorn Iron Works](#)

- Cooney v. Rossiter, 2012 IL 113227, 970 N.E.2d 516. [Cooney v. Rossiter](#)

- Elmore v. Henderson, 227 F.3d 1009 (7th Cir. 2000). [Elmore v. Henderson](#)

- In re National Presto Indus., Inc., 347 F.3d 662 (7th Cir. 2003). [In re National Presto Industries, Inc.](#)

- Kasny v. Coonen & Roth, Ltd., 395 Ill. App. 3d 870, 918 N.E.2d 1193 (2d Dist. 2009). [Kasny v. Coonen & Roth, Ltd.](#)Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973 (7th Cir. 2010). [Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.](#)

- King v. Gen. Elec. Co., 960 F.2d 617 (7th Cir. 1992). King v. General Electric Co.

- Landis v. N. Am. Co., 299 U.S. 248 (1936). Landis v. North American Co.

- Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955). Lawlor v. National Screen Service Corp.

- River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 703 N.E.2d 883 (1998). River Park, Inc. v. City of Highland Park

**STATUTES AND RULES**

- 18 U.S.C. § 1030 (Computer Fraud and Abuse Act). 18 U.S.C. § 1030

- 18 U.S.C. § 1836 et seq. (Defend Trade Secrets Act). 18 U.S.C. § 1836 et seq.

- 18 U.S.C. §§ 1962, 1964 (RICO). 18 U.S.C. § 1962; 18 U.S.C. § 1964

- 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a)

- 765 ILCS 1065/1 et seq. (Illinois Trade Secrets Act). 765 ILCS 1065/1 et seq.

- 815 ILCS 505/1 et seq. (Illinois Consumer Fraud and Deceptive Business Practices Act). 815 ILCS 505/1 et seq.

- 815 ILCS 510/1 et seq. (Uniform Deceptive Trade Practices Act). 815 ILCS 510/1 et seq.

- Fed. R. Civ. P. 15(c). Fed. R. Civ. P. 15(c)

- Fed. R. Civ. P. 42(a). Fed. R. Civ. P. 42(a)

**CERTIFICATE OF SERVICE**

I certify that on December 11, 2025, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER CLAIMS** using the CM/ECF system, which will be served on all registered counsel of record.

/s/ Kimberly Jean Brown