IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kimberly Jean Brown and Brown-Washington Trust, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 24 C 13132 ) ) Judge Jorge L. Alonso |
| Scott Gartner *et al.*, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs allege a web of claims against the Defendants. R. 21. After Plaintiffs voluntarily dismissed certain Defendants, *see* R. 53, the following Defendants remain in this case: Scott Gartner, Adam Kingsley, Kingsley Law Group, and Merit Law Group (moving to dismiss at R. 60); Michelle Montgomery (moving to dismiss at R. 75); John Koht and Kohmedia (moving to dismiss at R. 78); Lila Goldston (not yet served); and derivative Defendant Legacy Complete. For the reasons stated below, the motions to dismiss are granted and the case is dismissed.

**Legal Standard**

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

Below, the Court sets forth the facts as alleged in Plaintiffs' Second Amended Complaint. R. 21. In May 2015, Plaintiff Kimberly Jean Brown formed a Nevada limited liability company called Legacy Complete. *Id.* ¶¶ 4, 29. Brown is the trustee of Plaintiff Brown-Washington Trust, and the Trust had a seventy-five percent ownership interest in Legacy. *Id.* ¶ 4. Legacy was ultimately dissolved in 2017. *Id.*

Legacy was formed with the purpose to develop and operate a software application for estate planning. *Id.* ¶ 23. In June 2015, Legacy executed a written contract with Defendant Kohmedia, a software development firm which is owned and operated by Defendant John Koht. *Id.* ¶¶ 30, 31. Under the contract, Kohmedia was to build and service the first version of Legacy's software. *Id.* ¶ 31. The contract also required Kohmedia to protect Legacy's trade secrets. *Id.* ¶ 32. On December 1, 2015, Kohmedia installed the software on Legacy's website and Brown encountered technical issues with the software. *Id.* ¶ 40. On December 10, 2015, Kohmedia informed Brown that Kohmedia was not going to fix the issue and that Kohmedia was going to default on the contract. *Id.* ¶ 41. On December 14, 2015, Brown hired another software developer, Bellwether Creation Company, to fix the software, and Kohmedia agreed to release the software to Bellwether. *Id.* ¶¶ 47–49.[1]

Bellwether then also breached its contract with Brown, and Brown filed a lawsuit against Bellwether in 2017. *Id.* ¶ 51. In 2018, Brown was awarded a default judgment against Bellwether. *Id.* ¶ 52. For assistance in collecting the judgment, she hired Defendant Adam Kingsley who, at the time, worked as an attorney for Defendant Merit Law. *Id.* ¶ 53. To date, Kingsley and Merit Law have not collected on the default judgment against Bellwether. *Id.* ¶ 56.

---

[1] Bellwether later merged with Grand Prix Printing, R. 21 ¶ 48, which was originally named as a Defendant in this lawsuit, then voluntarily dismissed, R. 53.

In addition to hiring Kinglsey and Merit Law to represent her in the Bellwether case, Brown hired Kinglsey and Merit Law to represent her against a home contractor. *Id.* ¶ 59. At some point during that lawsuit, Kingsley resigned from Merit Law, and Defendant Scott Gartner agreed to represent Brown. *Id.* ¶ 64–65. During the transition of attorneys, Merit Law lost Brown's binder that contained her damages documentation. *Id.* ¶ 64. Brown contends that this impaired her position in settlement negotiations. *Id.* ¶ 66. But around June 2019, Gartner negotiated a settlement. *Id.* ¶ 67. Though Brown agreed to the amount and a repayment period, she did not agree to any other terms. *Id*. Gartner then appeared in court and without Brown's permission, Gartner entered an agreed order to dismiss the case. *Id.* ¶ 69. Brown contends that because of this, she was unable to reach an agreement on the remaining terms. *Id.* ¶ 72. By late 2019, Gartner withdrew as Brown's counsel. *Id*. Brown filed a malpractice suit against Gartner, Kinglsey, Kingsley Law and Merit Law in 2020, but that case was dismissed for lack of subject matter jurisdiction. *Id.* ¶ 73.

Brown now files this lawsuit and alleges the following counts against the remaining Defendants:

- Count 1: that Defendant Kohmedia breached the Kohmedia contract;

- Counts 2–7: as to Legacy's software, that Defendants Montgomery, Goldston, Koht, and Kohmedia violated the Illinois Deceptive Trade Practices Act (Count 2), the Illinois Consumer Fraud Act (Count 3), fraudulently concealed their actions (Count 4), misappropriated trade secrets in violation of federal and Illinois law (Count 5), committed mail fraud (Count 6), committed wire fraud (Count 7);

- Count 8: that Defendants Montgomery, Goldston, Koht, and Kohmedia tortiously interfered with the Kohmedia contract;

- Counts 9–12: as to Legacy's software, that Defendants Montgomery, Goldston, Koht, and Kohmedia tortiously interfered with business expectancies (Count 9), violated the Computer Fraud and Abuse Act (Count 10), committed theft under 18 U.S.C. §2314 (Count 11), and received stolen property under 18 U.S.C. §2315 (Count 12);

- Count 13, that Defendant Merit Law breached the Merit contract;

3

- Count 14, that Defendants Gartner, Kingsley Law, and Merit Law breached their fiduciary duties and committed legal malpractice;

- Counts 15–20, as to the Merit contracts, that Defendants Montgomery, Goldston, Gartner, Kingsley, Kingsley Law, and Merit Law, tortiously interfered with contract (Count 15), violated the Illinois Deceptive Trade Practice Act (Count 16), violated the Illinois Consumer Fraud Act (Count 17), fraudulently concealed material facts (Count 18), committed mail fraud (Count 19), and committed wire fraud (Count 20);

- Count 21, that all remaining Defendants engaged in a RICO conspiracy for the purpose of depriving Legacy of its assets;

- Count 22, that all remaining Defendants intentionally inflicted emotional distress on Brown; and

- Count 23, that Kingsley Law, Merit Law, and Kohmedia are vicariously liable for the acts of their agents and employees.

*Id.* ¶¶ 75–138.

## Discussion

**1. Montgomery and Goldston**

Defendants Michelle Montgomery and Lila Goldston are named in Counts 2–12 and in Counts 15–22. But these counts merely list the elements of each claim and assert legal conclusions. In the entire complaint, there is not a single factual allegation setting forth how Montgomery and Goldston are involved or what they did. *See* R. 21. And "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663. The law is clear that "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Montgomery moves to dismiss, R. 75, and Goldston has still not been served, *see* R. 87. The Court grants Montgomery's motion to dismiss and *sua sponte* dismisses Goldston as well. Both Montgomery and Goldston are dismissed.[2]

---

[2] Plaintiffs' motion at R. 89 to transfer Montgomery and Goldston to another lawsuit, filed after the motions to dismiss, is denied as moot. The Court also notes that in Montgomery's motion to

4

2. **No Private Right of Action**

Counts 6, 7, 19, and 20 are dismissed because there "is no implied private right of action for a violation of the mail and wire fraud statutes." *Lockhart v. HSBC Fin. Corp.*, 2014 WL 3811002, at *8 (N.D. Ill. Aug. 1, 2014) (citations omitted).

Counts 11 and 12 are dismissed because "it is clear" that "no private right action exists under" 18 U.S.C. § 2314 or § 2315. *Stone v. Washington Mut. Bank*, 2011 WL 3678838, at *2–3 (N.D. Ill. Aug. 19, 2011)

3. **Statute of Limitations**

Counts 2, 3, 4, 5, 8, 9, and 10 involve Defendants Koht, Kohmedia and their relationship with Legacy and the Legacy software. As alleged, the injuries occurred and the claims accrued in December 2015. This case was filed nine years later, in December 2024. R. 1. These claims are all outside their respective limitations periods. Regarding Counts 2 and 3, claims under the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) and claims under the Illinois Consumer Fraud Act (815 ILCS 505/1 *et seq.*) have a three-year limitation period. *See McCready v. Illinois Sec'y of State, White*, 382 Ill. App. 3d 789, 798 (2008). Regarding Count 4, claims for fraudulent concealment have a five-year limitation period. *See* 735 ILCS 5/13-215. Regarding Count 5, a federal claim for misappropriation of trade secrets has a three-year limitation period, *see* 18 USCS § 1836(d), and an Illinois claim for misappropriation of trade secrets has a five-year limitation period, *see* 765 ILCS 1065/7. Regarding Counts 8 and 9, claims for tortious interference have a

---

dismiss, R. 75, Montgomery argues that Plaintiffs' claims are barred by *res judicata* as Brown filed a previous case against Montgomery at *Brown v. Montgomery*, 20-cv-4893 (N.D. Ill.). Montgomery also moves for the Court to take judicial notice of the Seventh Circuit's orders in 2020 case. R. 96. That motion is granted and the Court takes judicial notice of those orders. Plaintiffs' allegations against Montgomery in this action are so lacking in specificity, however, that the Court is unable to determine the extent to which the allegations in the present case overlap with the allegations in the previous case. Thus, the Court dismisses the claims against Montgomery for failure to comply with Rule 8, as discussed above, rather than *res judicata.*

five-year limitation period. *See Poulos v. Lutheran Soc. Servs. of Illinois, Inc.*, 312 Ill. App. 3d 731, 745 (2000). Regarding Count 10, claims under the Computer Fraud and Abuse Act (18 U.S.C. §1030) have a two-year limitation period. *See* 18 U.S.C. §1030(g).

Counts 13, 14, 15, 16, 17, and 18 bring Illinois claims against Defendants Gartner, Kingsley, Kingsley Law Group, and Merit Law Group and are based on alleged acts of Defendants during their legal representation of Brown. As alleged, the injuries occurred and the claims accrued by late 2019. And this case was filed five years later, in December 2024. R. 1. These claims are all outside the limitations period because under Illinois law, an "'action for damages based on tort, contract, or otherwise against an attorney arising out of an act or omission in the performance of professional services . . . must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.'" *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 346 (7th Cir. 2019) (citing 735 ILCS 5/13-214.3(b)).

Count 21 asserts a civil RICO claim against all remaining Defendants and Count 22 asserts a claim for intentional infliction of emotion distress against all remaining Defendants. As above, the latest date of accrual as alleged in the complaint would be approximately the end of 2019 and this case was filed five years later. Civil RICO claims have a four-year limitations period. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 926 (7th Cir. 2015). And claims for intentional infliction of emotional distress have a two-year limitations period. *See S.E. v. BMO Harris Bank Nat'l Ass'n*, 2025 IL App (2d) 240311, ¶ 34.

Apparently aware that they filed this case beyond the limitations period for the above claims, Plaintiffs allege that the claims asserted in Counts 13–18 are based on facts asserted in the prior lawsuit *Brown v. Gartner*, 20-cv-5195 (N.D. Ill.), and that the claims thus "relate back to the filing date of that complaint, September 2, 2020." R. 21 ¶ 97. But this is incorrect. The relation

6

back doctrine "only applies to amendments of existing complaints, not new causes of action." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 755 (7th Cir. 2021).

The Illinois savings statute also does not save Plaintiffs' claims. The 2020 case was dismissed in March 2023 for lack of subject matter jurisdiction. *See* 20-cv-5195 at Docket No. 75. And under the savings statute, if an "action is dismissed by a United States District Court for lack of jurisdiction" then the plaintiff "may commence a new action *within one year* or within the remaining period of limitation, whichever is greater, *after* . . . the action is dismissed." 735 ILCS 5/13-217 (emphasis added). Here, Plaintiffs waited longer than one year and filed this action in December 2024.

In another apparent attempt to save this case from dismissal under the statute of limitations, Plaintiffs allege "that the named Defendants actively misled, engaged in affirmative acts to conceal, and/or conspired to mislead or conceal, material facts related to this claim which prevented Plaintiffs from becoming aware of their harm," and that as such, "the discovery rule applies to [the] claim[s] and that the date of discovery was in or about October 2023." R. 21 ¶¶ 80, 85, 94, 106, 115, 122, 136, First, these allegations are inconsistent with Plaintiffs' assertion the Counts 13–18 are based on the facts asserted in a lawsuit filed in 2020. And a "plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016). Second, Plaintiffs provide no context for this allegation. They do not specify which facts were learned in October 2023. They do not describe where or how they learned them. And they do not explain how these facts had been concealed. "And if the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without more, will not save the claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

For these reasons, Counts 2, 3, 4, 5, 8, 9, 10, 13, 14, 15, 16, 17, 18, 21, and 22 are dismissed as they were filed after the expiration of their respective limitations periods.

### 4. Breach of the Kohmedia Contract

Count 1 asserts that Defendant Kohmedia breached the Kohmedia contract. The Kohmedia contract was entered into between Legacy Complete and Kohmedia. R. 21 ¶¶ 75–80. As Legacy Complete was dissolved in 2017, Legacy is unable to assert claims based on the contract. *See* Nev. Rev. Stat. § 86.505 ("The dissolution of a limited-liability company does not impair any remedy or cause of action available to or against it or its managers or members commenced, *within 2 years* after the effective date of the articles of dissolution, with respect to any remedy or cause of action as to which the plaintiff learns, or in the exercise of reasonable diligence should have learned of, the underlying facts on or before the date of dissolution, or *within 3 years* after the date of dissolution with respect to any other remedy or cause of action. *Any such remedy or cause of action not commenced within the applicable period is barred*.") (emphasis added).

As such, Plaintiff Brown-Washington Trust asserts Count 1. But the Trust is a non-party to the Kohmedia contract and under Illinois law, a non-party to a contract may only enforce the terms of a contract where the non-party can establish that it is a "direct third-party beneficiary." *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machines Corp.*, 520 F. Supp. 2d 1012, 1019 (N.D. Ill. 2007), *aff'd*, 547 F.3d 882 (7th Cir. 2008). Also under Illinois law, "there is a strong presumption that the parties to a contract only intend the terms of the contract to apply to them, and not to third parties," and in "order to overcome that presumption, the implication that the contract applies to third parties must be so strong as to be practically an express declaration." *Id.* (citations omitted). When assessing whether a non-party is a direct third-party beneficiary, courts look to "the intent of the parties based on the contract as a whole as well as the understandings between the parties at the

8

time of the contract's execution." *Id.* (citations omitted). Here, Plaintiffs assert only that the Brown-Washington Trust had a seventy-five percent ownership interest in Legacy, and provide no other relevant allegations. But ownership interest in a company, standing alone, is not enough. *See Sharif v. Int'l Dev. Grp. Co.*, 399 F.3d 857, 861 (7th Cir. 2005) (finding that plaintiff did not qualify as a direct, third-party beneficiary because "nothing in the Consultants–Development contract suggests that Sharif was a third-party beneficiary, rather than an indirect beneficiary through his sole ownership of Consultants"). As such, Count 1 is dismissed.

5. **Vicarious Liability**

Count 23 asserts that Kingsley Law, Merit Law, and Kohmedia are vicariously liable for acts of their agents. R. 21 ¶¶ 137–38. Vicarious liability is a "theory of recovery that depends upon establishing a relationship between the allegedly wrongful actor and the alleged principal." *Turner v. M.B. Fin. Bank*, 2017 WL 4390367, at *6 (N.D. Ill. Oct. 3, 2017) (citation omitted). Thus, "if the underlying claim against [the agent] is not viable, there is no freestanding, independent basis to pursue vicarious liability" against the principal. *Id.* As such, Count 23 is dismissed.

6. **Referral to the Executive Committee**

There are at least four other cases on the Northern District of Illinois filed by Plaintiff Kimberly Jean Washington that involve at least some of these Defendants and these underlying facts. *See Brown v. Montgomery et al.*, 20-cv-4893 (N.D. Ill.) (dismissed with prejudice at Docket No. 168 "as a sanction for Plaintiff Kimberly Jean Brown's failure to abide by the court-ordered deadlines"); *Brown v. Gartner et al.*, 20-cv-5195 (N.D. Ill.) (dismissed at Docket No. 75 for lack of subject matter jurisdiction); *Brown v. Service NowInc. et al.*, 25-cv-5629 (N.D. Ill.) (currently pending); *Brown v. CBS Broadcasting, Inc. et al.*, 25-cv-12209 (N.D. Ill.) (currently pending). There is at least one additional case on the Northern District of Illinois filed by Plaintiff Kimberly

Jean Washington. *See Brown v. Spano*, 23-cv-2506 (N.D. Ill.) (dismissed at Docket No. 10 for failure to comply with Rule 4(m)).

This case is referred to the Executive Committee of the Northern District of Illinois to consider whether filing restrictions or other limitations should be imposed on Plaintiff Kimberly Jean Washington.

## Conclusion

As described above, this case is referred to the Executive Committee of the Northern District of Illinois. And for the reasons stated above, Defendants' motions [60] [75] [78] to dismiss are granted. The motion to transfer [89] is denied as moot. The motion for judicial notice [96] is granted. This case is dismissed with prejudice. Civil case terminated.

**SO ORDERED.**  **ENTERED: January 20, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**